Woodruff and another *against* Westcott:

IN ERROR.

Where the defendant in an action on a promissory note, in the name of the promisee, filed a motion, stating, that he believed the note had been sold to *H.*, an attorney and counsellor at law in this state, praying the court to inquire into the truth of the facts alleged, and require *H.* to disclose on oath; it was held, that as it was not alleged, that *H.* was the attorney *in this suit,* nor that the plaintiff was a resident without this state, the prayer for a disclosure might be rejected as surplusage, and then the motion would stand upon the prayer for an inquiry into the truth of the facts; and the proper mode of conducting that inquiry, is, by common law evidence.

Where the defendant, in the trial of such motion, offered in evidence the deposition of the plaintiff, voluntarily given; it was held, that such deposition was admissible, and the defendant was entitled to the benefit of it as testimony under oath, and not merely as an admission in writing.

Where the testimony in such deposition, regarded certain notes, dated the 6th of *March*, while the note in suit was dated *April* 5th; it was held, that this discrepancy affected the weight of evidence only, and did not render the deposition inadmissible, as being irrelevant.

THIS was an action on a promissory note for 50 dollars, dated *April* 5th, 1832, and payable twenty months after date, brought to the county court, by *Hiram Westcott*, the promisee, against *John L. Woodruff* and *David Butler*, the makers.

The defendants filed the following motion: "Now, the defendants, in court, on the second day of the session, file this their motion, and allege, that they verily believe, that the note on which, &c. on or about the 1st day of *November*, 1833, at *Winchester*, in the county of *Litchfield*, was sold, by the plaintiff, to *William S. Holabird*, Esq. of said *Winchester*, then and ever since an attorney and counsellor at law in this state; and was then and there, by the said *William S. Holabird*, bought of the plaintiff; against the form, force and effect of the statute of this state, entitled ' An act to prevent unlawful maintenance.' The defendants, therefore, pray the said court to inquire into the truth of the facts herein alleged, and require the said *William S. Holabird* to disclose on oath, regarding the same, as the said court is authorised by the said statute to do; and on finding that the said note has been bought in violation of said statute, to order the plaintiff to be non-suited."

At the next term of the court, the defendants in court waived the disclosure of *Holabird;* giving notice, that on the trial of the motion, they should rely on common law proof.

On the trial of the motion, the defendants offered in evidence, the deposition of the plaintiff, signed by him and duly taken, sworn to and certified as a deposition; in which the deponent stated, that on the 6th of *March*, 1832, he sold a house and lot to the defendants, and took therefor their five promissory notes, for 50 dollars each, payable in 4, 8, 12, 16 and 20 months from said 6th of *March*, 1832; that soon afterwards, the deponent left said notes with *William S. Holabird*, Esq. for collection; that in the following *Summer*, he received of one of the defendants, 25 dollars, 60 cents; that in the *Spring* of 1833, said *Holabird* sent him 50 dollars on the notes; that in *September*, 1833, said *Holabird* paid him 112 dollars, 50 cents, and a watch, which he called worth 50 dollars; and in consideration thereof, the deponent relinquished and transferred to him (*Holabird*) all his interest in the notes, the amount then unpaid being about 125 dollars and some interest. To the admission of this deposition, the plaintiff objected; and the court excluded it as a deposition.

The defendants then offered the deposition in evidence, as an acknowledgment or admission in writing of the plaintiff, touching the facts stated in the motion. The plaintiff objected to this also; but the court admitted it, as last offered.

The court found the facts stated in the motion not proved and not true. The defendants then pleaded the general issue; and after a trial, the issue was found, and judgment rendered, for the plaintiff. The defendants thereupon brought a writ of error in the superior court; which was reserved for the advice of this court.

*T. Smith*, for the plaintiffs in error, contended, 1. That common law evidence was admissible to prove the facts alleged in the motion. It contains no appeal to the oath of the attorney in this suit, for the truth of the facts alleged; and if it were otherwise, it would be competent to the party filing the motion to waive such appeal, and to proceed to trial on common law proof.

2. That the deposition of the plaintiff below was admissible, as such, for the defendants. Where a party to the suit

*Litchfield,*
*June, 1837.*

*Woodruff*
*v.*
*Westcott.*

consents to give testimony for the adverse party, and has no interest in favour of the defence, there is no ground, either on principle or authority, for rejecting it. *Johnson* v. *Blackman,* 11 *Conn. Rep.* 342. 347. *Cowles* v. *Whitman,* 10 *Conn. Rep.* 124. The error of the court in rejecting the deposition, was not purged, by receiving it as an acknowledgment not under oath.

*L. Church,* for the defendant in error, contended, 1. That the deposition of *Westcott* was properly rejected, not merely because he was party to the record, but because the deposition itself was irrelevant to the issue on trial. The note in suit is dated the 5th of *April,* 1832. The deposition speaks of certain notes dated *March* 6th, 1832, and of no others.

2. That the defendants in their motion having appealed to the oath of the attorney in the suit, common law proof was not admissible. The motion must be filed on the second day of the session ; and if not filed then, no proceedings can be had under it. Now, there was no call for common law proof until the next term. The motion could not be amended in this manner.

WAITE, J. The statute of this state, entitled "An act to prevent unlawful maintenance" provides, "that no attorney or counsellor at law, sheriff, deputy sheriff or constable shall buy any bond, bill, promissory writing, book debt, or other chose in action, unless in payment for estate sold," &c. ; and that "it shall be lawful for any defendant in any suit brought on any bond" &c. " to file his motion," "if before any county court," "alleging, that he verily believes, that the bond," &c. " hath been sold contrary to the provisions of the act, and praying the court to enquire into the truth thereof, by common law proof, or by the oath of the plaintiff, if a resident within this state, or by the oath of the attorney in such suit, if a resident without this state, which the court is authorised to do ;" and if the plaintiff or attorney " shall refuse to disclose on oath regarding the facts alleged in said motion, or if on such disclosure, it shall appear that such bond, &c. hath been bought in violation of the act, the plaintiff shall become non-suited." *Stat.* 312, 3. *tit.* 60.

The present action was brought upon a promissory note ;

and in the county court, the defendants, in pursuance of the provisions of that statute, filed their motion, alleging, that they believed the note had been sold to *Wm. S. Holabird,* an attorney and counsellor at law, contrary to the provisions of the statute; and praying the court to enquire into the truth thereof, and also to require *Holabird* to disclose on oath regarding the same; and on finding that the action on the note had been bought in violation of the statute, to order the plaintiff to be non-suited.

On the trial of the question arising upon this motion, the defendants offered in evidence the deposition of the plaintiff; and the court excluded it, as such; but, as the deposition was signed by the plaintiff, the court admitted it as evidence of his acknowledgment or admission.

One question arising in the present case, is, whether the county court erred in rejecting it as a deposition.

It is a well settled principle of law, that if a party on the record is called as a witness, by the adverse party, and, having no interest in procuring a decision in favour of that party, voluntarily consents to testify, he is an admissible witness.

In the case of *Norden* v. *Williams* and *Twibill,* 1 *Taun.* 378., the defendant called, among other witnesses, the plaintiff, *Twibill;* and his testimony was received. *Mansfield,* C. J., said, "I know no reason why, if the defendant is willing to admit him, and the plaintiff is willing to give evidence against himself, he should not be suffered to do so."

In *Worrall* v. *Jones* & al. 7 *Bing.* 395., the plaintiff called as a witness one of the defendants, who had suffered judgment by default. *Tindall,* C. J., in delivering the opinion of the court, said: " We think where the party to the suit, who has suffered judgment by default, waives the objection, and consents to be examined, and is called against his own interest, there is no ground, either on principle or authority, for rejecting him."

In *Cowles* v. *Whitman* & al. 10 *Conn. Rep.* 124., one of the defendants in a bill in chancery having voluntarily consented to be a witness against her interest, this court held, that the objection to her testimony upon the ground of her being a party, was unfounded.

If, however, the party called is interested in procuring a decision in favour of the party calling him, he cannot be admit-

*Litchfield,*
*June, 1837.*

Westcott
*v.*
Woodruff.

ted as a witness. As where in an action against two, upon a joint contract, one, who had suffered judgment by default, was held to be an inadmissible witness against the other, to prove that he joined in the contract, because if the plaintiff succeeded in the action, the witness would obtain, by means of his own testimony, a right of contribution against the other. *Brown* v. *Brown,* 4 *Taun.* 752.

We discover nothing in the present case to exclude the deposition of the plaintiff. He had no interest in defeating his recovery. The deposition was, indeed, admitted as an acknowledgment or admission in writing, by the plaintiff; but in that character, it was not entitled to the same weight it would have been, if received under the sanction of an oath.

It is farther claimed, on the part of the plaintiff, that if the deposition was admissible as common law evidence, it was not admissible in proof of the facts stated in the defendants' motion : that, as the defendants have called upon *Holabird* to disclose on oath, they must be confined to his testimony alone, and can introduce no other. But the defendants have not, in their motion, shewn any facts authorising them to call upon him to disclose. He is neither stated to be the plaintiff, nor the attorney in the suit ; nor is it stated, that the plaintiff is a resident without this state. Had the defendants alleged a sale to the sheriff, and prayed a disclosure from him, the prayer would have amounted to nothing, as the statute confers no power to order such a disclosure. So, in this case, the defendants are not entitled, under the statute, to a disclosure from *Holabird,* unless he was the attorney in the suit, and so described in the motion ; and not even then, unless it appeared that the plaintiff was a resident without this state. The defendants have prayed for an enquiry into the truth of the facts stated in their motion, and also for a disclosure from *Holabird.* That part of the motion praying for a disclosure may be rejected as surplusage ; and then the motion will stand upon the prayer for an enquiry into the truth of the facts. The proper mode of conducting that enquiry, is, by common law evidence. The deposition offered was of that character, and ought to have been received. The defendants not having prayed for a disclosure from a person described as the plaintiff or the attorney *in the suit,* were not entitled to it.

It is further said, that the deposition was properly rejected,

because it did not support the issue, as the notes described in the deposition, were dated *March* 6th, and the note declared upon was dated *April* 5th ; and consequently, they must be considered different notes. The question arising upon this record, and which we are called upon to decide, is, whether the deposition was *admissible ;* not whether it was *sufficient evidence.* What the effect would have been, taken in connexion with other evidence, we are not called upon to decide. In our opinion, it was admissible for the purpose for which it was offered ; and the county court erred in rejecting it.

The view, which we have taken of this part of the case, renders it unnecessary for us to consider the other questions that have been presented.

We think the judgment of the county court must be reversed ; and so advise the superior court.

In this opinion the other Judges concurred.

Judgment to be reversed.