## JABEZ SARGEANT v. PHINEAS O. SARGEANT AND BENJAMIN B. SARGEANT.

The admissions of a plaintiff of record, in an action on note, who is a mere trustee for a third person, are not competent evidence for the defendant on the trial of the case.

But after the defendant has shown a state of circumstances, which entitles him to defend against the note, the defence must prevail, unless the *cestui que trust* can show that the defendant has, by his conduct, precluded himself from such a defence.

Where the plaintiff, as payee, held a promissory note against the defendants, for which no consideration had passed between them, but which they had consented a third person might hold as collateral security for a debt

due from the plaintiff, and the plaintiff had himself paid the debt thus secured and received the note, it was held that he could maintain no action upon the note for his own benefit.

If the holder of a promissory note, not indorsed, hold it as collateral security merely, or have taken it when over due, the makers of the note may make the same defence to it, when sued, that they could, if the note were sued in the name and for the benefit of the payee.

But if the makers of a note, for which no consideration has passed, are applied to for information by a third person, who is about to become holder of the note as collateral security, and assure him that the note is due and subject to no offsets, they will be thereby precluded from setting up want of consideration as a defence to the note, when sued by such third person in the name of the payee, even though they made such assurances under a mistake of facts.

But the defendants will only be thus precluded, while the holder retains the note for the particular object for which he first obtained it; and if he would retain it for any other purpose, he must obtain the consent of the makers, first informing them of the termination of their liability upon the prior transaction.

It is well settled, that the person, who is party of record, may, if he consent, be sworn as a witness and give evidence in the cause, either when he has no interest in the event of the trial, or when he is called to give evidence for the party, whose interest is contrary to his own. But whether it is competent for the nominal plaintiff of record to be sworn and give evidence on the part of the defendants, by his own consent, but in opposition to the will of the person beneficially interested in the suit on the part of the plaintiff. *Quære.*

ASSUMPSIT upon a promissory note for $500,00, signed by the defendants, and made payable to the plaintiff, or order, in six months from date, with interest. Plea, the general issue, and trial by jury, HEBARD, J., presiding.

On trial, after the plaintiff had proved the execution of the note, the defendants gave in evidence a written admission, signed by the plaintiff, acknowledging that he never paid any consideration for the note, but that the note was delivered by the defendant Benjamin B. Sargeant to Thomas Emerson, as collateral security for a note of $400,00 signed by Benjamin B. Sargeant as principal and the plaintiff as surety, which last mentioned note was subsequently paid by Benjamin B. Sargeant, and Emerson, not then having the note

Sargeant *v.* Sargeant et al.

now in suit with him, agreed to deliver the same to the plaintiff for said Benjamin B. Sargeant, and that the plaintiff did accordingly thus receive the note from Emerson.

The plaintiff then gave in evidence a letter, dated December 7, 1839, written by one Joel Lull to the defendant Phineas O. Sargeant, notifying him that he, Lull, held said note, and inquiring whether the note was due, and whether there was any offset to it, and a memorandum at the bottom of said letter, signed by Phineas O. Sargeant, by which he admitted that there was no offset to the note, and that it was due. The plaintiff also called one Austin Lull as a witness, who testified, that, on the seventh day of March, 1843, he called upon both of the defendants, and gave to each of them a written notice, signed by one Simeon Willard, and informing them that he held said note, and that he had it of Joel Lull; that the witness then inquired of both defendants whether there was any offset to the note; and that they both replied that there was none; and that Phineas O. Sargeant inquired of him whether Willard was in a hurry for the money. The plaintiff also proved that the note was delivered by Willard to an attorney, and that this suit was commenced upon it by Willard's direction.

The defendants then offered Jabez Sargeant, the plaintiff, as a witness, who consented to be sworn and testify; to whose admission as a witness the plaintiff's counsel objected, and he was excluded by the court.

The defendants then offered to prove, in addition to the facts before proved by them, that the note in suit, after being delivered to the plaintiff by Emerson, remained in the possession of the plaintiff until December 5, 1839, when the plaintiff, wishing to borrow some money of one Ingraham, applied to said Joel Lull and requested him to sign a note with him to Ingraham therefor; that Lull agreed to sign the note, if he could be indemnified for so doing; that, at the solicitation of the plaintiff, the defendants consented to allow the plaintiff to place the note in suit in the hands of the said Joel Lull, as security to him for signing with the plaintiff the note to Ingraham; that the plaintiff thereupon borrowed of said Ingraham $500,00, for which the plaintiff and Joel Lull gave their joint note, and Lull took $217,00 of the money, and the plaintiff received the balance, and the plaintiff placed the note in suit in the hands of Lull

Sargeant *v.* Sargeant et al.

as security for signing the note to Ingraham; that afterwards, while Lull still held the note in suit, the plaintiff paid the note to Ingraham; that Lull never paid to the plaintiff, nor to the defendants, any consideration for the note, except as above stated; that the said Simeon Willard received the note in suit from the said Joel Lull without paying him any consideration therefor; and that the defendants had not been informed, at the time the notice was given to them by Willard, that the plaintiff had paid the note to Ingraham. The defendants farther offered to prove, that, on the tenth day of March, 1843, the said Joel Lull, without the knowledge, or consent, of the defendants, took an assignment from the *plaintiff* of the note in suit, as security for signing a probate bond *with* the plaintiff; and that the said Lull, at the time of making the said assignment, March 10, 1843, had the said note in his possession. To all the testimony, thus offered by the defendants, the plaintiff objected, and it was excluded by the court.

The defendants then offered in evidence the written admissions of the plaintiff, to the same effect with the testimony before offered by them and excluded; to the admission of which the plaintiff objected, and they were excluded by the court.

The court instructed the jury, that, if the testimony in the case was believed, the plaintiff was entitled to a verdict. Verdict for plaintiff. Exceptions by defendants.

*Tracy & Converse* for defendants.

1. Jabez Sargeant was improperly rejected as a witness. We are aware, however, that there is an apparent conflict of authorities upon this point. Greenleaf [1 Green. Ev. 422, §§ 353, 354,] states the doctrine as follows; " The party is not admissible, without the consent of all parties to the record; for the privilege is mutual and joint, and not several." He cites as his authority, *Frear* v. *Evertson*, 20 Johns. 142. *The People* v. *Irving*, 1 Wend. 20, and *Scott* v. *Lloyd*, 12 Pet. 149. Of these, the dictum in Greenleaf is only sustained by the case of *Frear* v. *Evertson*,—if that case can be considered as sustaining it.

But those authorities stand opposed to the whole current of authorities upon this subject. 1 Phil. Ev. 61. 1 Taunt. 378. 3 Stark. Ev. 1061. 3 Camp. 177. 7 Bingh. 395. In the last case

cited, the court say, " There is no reason in principle, or authority, against a party's testifying, if he consent and the other party calls him." Peake's Ev. 167 (160) and cases referred to in note. Ib. 168. *Cowles et al.* v. *Whitman et al.,* 10 Conn. 121. "If the plaintiff and defendant are both willing that the plaintiff should be a witness, he is an admissible witness, although he comes to defeat a claim of a joint plaintiff." 2 Stephen's N. P. 1737. 1 C. &. P. 479. 1 Taunt. 378. 2 Cow. & H. 142, n. 129. Ib. 134, 136, n. 122. *Miller* v. *Starks,* 13 Johns. 517. Witnesses may be called to testify against their interest. *Storrs* v. *Wetmore,* Kirby 203. *Cobb* v. *Baldwin,* 1 Root 534. Swift's Ev. 77.

It is believed to be the practice at *nisi prius,* in this State, uniformly to admit a party to testify, he being willing, when called by the adverse party ; and it matters not whether he is a real or nominal party, or a joint or sole party ; and this, we contend, is fully sustained by the general current of authorities.

2. The testimony offered by the defendants should have been received. The note was never indorsed, and was long over-due, before it came into Willard's hands. He, then, took it subject to all equitable defences. When the debt was paid, for which this note was pledged to Lull, the note was satisfied. Lull had no right to collect it, and could convey no such right to Willard. Willard can claim nothing on account of what passed between him and the defendants; for he had before that time become the owner of the note, if at all. He was not then induced to buy it in consequence of their representations.

*J. Barrett* for plaintiff.

1. Jabez Sargeant, the plaintiff and payee of the note in suit, having assigned the note before the suit was commenced, was not a competent witness for the defendants. 1 Greenl. Ev. 421, § 353. *Frear* v. *Evertson,* 20 Johns. 142.

2. The admissions, made by Jabez Sargeant after the note had, with the knowledge and assent of the defendants, been assigned to Lull and by Lull to Willard, and after this suit had been commenced, were not admissible. *Frear* v. *Evertson,* 20 Johns. 142. *Phœnix* v. *Assignees of Ingraham,* 5 Johns. 412. Bayl. on Bills 549. 1 Fairf. 420. 13 Vt. 428.

3. The testimony offered by the defendants was properly rejected. The facts offered to be proved would have constituted no defence to the note, even as against Lull. He received the note the fifth day of December, 1839, and on the seventh of December he gave notice to the makers that he held it, and was assured by them that there were no offsets. The note still being, in the spring of 1843, in the hands of Lull, and nothing having occurred between him and the defendants to discharge or invalidate the same, although the original cause, for which he received the note, had been discharged, he might well continue to hold it by an assignment for another purpose, and hold it with all the rights, as against the makers, which accrued to him by the first transfer and the assurance thereupon made to him by the defendants. He could dispose of the note as he thought proper, and it was a matter of no interest to the defendants, how Willard came by the note,—whether he paid consideration for it, or not.

4. The defendants were precluded, by what occurred between them and Willard, from the defence which they sought to make.

The opinion of the court was delivered by

REDFIELD, J. One question made in this case is, whether the admissions of the plaintiff of record are to be received in evidence. At common law the declarations and admissions of the party of record, although a mere trustee, are always admissible ; *Gibson* v. *Winter*, 5 B. & Ad. 96, [27 E. C. L. 47] where the subject is fully discussed and the cases are cited and commented upon by Ch. J. Denman. But in this State a different rule has long prevailed. We do not allow the. admissions of a mere trustee to go to the jury. The payee of a promissory note, which is put in suit by some other person as holder, but to whom the note is not indorsed, is perhaps *prima facie* to be regarded in that light. His admissions were, then, correctly enough excluded.

But after the defendants have shown a state of circumstances, which entitle them to defend the note, the defence must prevail, unless the *cestui que trust* can show, that the defendants, by their conduct, have precluded themselves from such a defence. This rule has been substantially applied, in this State, to the case of a promissory note, sued in the name of an indorsee, and negotiated

Sargeant *v*. Sargeant et al.

while still current; *Sanford* v. *Norton*, 14 Vt. 228; or at least such showing, in the latter case, will put the plaintiff upon showing that he gave value.

In the present case the offer of the defendants, which was rejected, must be treated the same, as if it had been proved; and it contains a great deal,—perhaps more than could have been proved; of this we do not know; counsel are bound to offer to the full extent of the ability of their clients to prove. It is better, perhaps, that they should exceed, than fall short, in this respect. And if there is reasonable doubt in regard to the effect of the evidence, it is better, perhaps, that so much of it should be received, as will determine its character and extent, when it can be done without too much delay and loss of time.

1. But, the evidence having been rejected, we must now determine its force and effect. And of this it seems to me there can be little doubt. The facts offered to be shown in evidence would clearly defeat any pretence of right to recover in the name of this plaintiff *for his own benefit*. No consideration whatever passed between the plaintiff and the defendants, and the only cases, for which the defendants ever consented to stand as sureties for the plaintiff, had been met and paid by the plaintiff, and thus the defendants had been released from all liability.

2. Lull held this note merely as *collateral security*, and *received it when it was long over-due*, upon both of which grounds the defendants might make the same defence, that they could have made, if the note had been sued in the name *and for the benefit* of the payee. Willard, by the terms of the defendants' offer, was a mere trustee, and may be laid out of the case, as to giving any additional weight to the rights of Lull.

3. Have the defendants, then, precluded themselves from this defence? We think not. If Willard had been a *bona fide* and *absolute* purchaser of the note, and had either made the purchase, or retained it, upon the faith of the assurance of the defendants, that the note was due and that they had no offset, they would undoubtedly be now bound by such admission, notwithstanding they made it under a mistake of facts. It was so held in a case decided at the last term in Washington county. This will apply to the declaration first made by the defendants, or one of them, to Lull. But

48

Sargeant *v.* Sargeant et al.

this was only binding as to that transaction, and was so considered by Lull; otherwise he would not have labored to obtain a second similar declaration.

But when it is considered, that Willard had no interest, and that he was sent to the defendants, merely as the agent of Lull, it is the same as if Lull had gone himself. But, had he gone himself, he must, in order to have acted in good faith towards the defendants, have first informed them of their being released from their liability upon the note by the payment of the debt to Ingraham, and that the plaintiff now wished to assign it to him as collateral security. Had the defendants consented to this arrangement, they would have been bound by it; but not, when such material facts were withheld from them by the very person to whom they were known, and known to be material to the defendants' acting understandingly, and known also not to be within their knowledge.

The only question remaining in the case is, whether it is competent for the plaintiff to be sworn and give evidence on the part of the defendants, by his own consent, but in opposition to the will of the person beneficially interested in the suit.

It is well settled, that the person, who is party of record, may, if he consent, be sworn as a witness and give evidence in the cause, either when he has no interest in the event of the suit, or when he is called to give evidence for the party, whose interest is contrary to his own. *Worrall et al.* v. *Jones,* 20 E. C. L. 177. *Norden* v. *Williamson,* 1 Taunt. 378. *Johnson* v. *Blackman,* 11 Conn. 342. *Woodruff* v. *Westcott,* 12 Conn. 134. Farther than this the court have not found it possible to proceed with that unanimity, which is desirable in the determination of important practical questions, like the present. The only doubt arising in the present case is, whether the nominal party can testify against the interest of the real party, without his consent. It seems well settled, that the objection of a co-plaintiff, or co-defendant, is not sufficient to exclude the party, when called as a witness, with his own consent, by the opposite party. For in all cases these objections will come from some person interested in the suit, or else the matter would pass without objection, and the point thus never be raised, or reserved, or discussed at the bar, or decided by the court. For these questions are not allowed to be raised by mere strangers, nor are they decided or

reported without being raised. And accordingly in all the foregoing cases, except the last, the objection is interposed by a co-party,— which is held no good ground for excluding the witness. 2 Stephen's N. P. 1737.

But in the last case, *Woodruff* v. *Westcott,* which was very elaborately discussed, as is usual in that court, the objection was raised by the party in interest, to whom the note had been assigned, but which was sued in the name of the payee ;—so that the case was precisely parallel with the present. And the law in Connecticut, by express statute in regard to defences good against the nominal plaintiff, rests upon the same ground that it does in this State,—the same that it does in the court of chancery. Neither this, nor the case of *Johnson* v. *Blackman,* was before the court at the time of the argument. There can be little doubt, I apprehend, if we follow out the decisions, either at common law, or in the American States, upon this subject, that the plaintiff was a competent witness. 2 Cow. & Hill's notes to Phil. Ev. 142, note 129 ; also pages 134, 136, note 122. But this point is left undetermined.

Judgment reversed and case remanded.