ROYAL ABBOTT, Administrator *de bonis non* of BENJAMIN PORTER, *v.* JOSEPH CLARK.

A party of record may call the opposing party as a witness, with his consent, or a co-party, they being divested of all interest in the suit. This is the utmost extent, to which the authorities upon this subject have gone.

An administrator *de bonis non*, in whose name a suit is progressing, is not so divested of all interest as to be a competent witness in the case, notwithstanding it may appear, that the suit was commenced prior to his appointment, and that the estate which he represents is clearly solvent.

A married woman can only be admitted as a witness in a case, when her husband would be a competent witness in the same case.

ASSUMPSIT for the use and occupation of a dwelling house previous to the decease of the said Benjamin Porter. Plea, the general issue, and trial by jury, June Term, 1846,—KELLOGG, J., presiding.

On trial it appeared that this action was commenced by the executor of Porter, who had subsequently deceased, and that Royal Abbott was then appointed administrator *de bonis non* of Porter, and that the estate of Porter was unquestionably solvent; and the plain-

Abbott, Adm'r, *v.* Clark.

tiff, to prove that the defendant hired the house of Porter, offered as a witness Ruth M. Abbott, the wife of the said Royal Abbott. To the admission of this witness the defendant objected, upon the ground that her husband was party of record and interested in the event of the suit; and she was excluded by the court,

Verdict for defendant. Exceptions by plaintiff,

*E. Weston* and *P. Perrin* for plaintiff.

Abbott's interest in the suit was merely nominal, and his wife should have been permitted to testify. 2 Stephens' N. P. 1735, 1743. *Warrall* v. *Jones,* 20 E. C. L. 177. The statute,—Rev. St. 288, § 12,—merely directs as to the *manner* of collecting costs, and fixes no eventual liability upon executors and administrators, which did not exist at common law,

*L. B. Vilas* for defendant.

The interests of husband and wife are identical; and if, in this case, the party himself· would not be a competent witness, neither would his wife. It is an inflexible rule of evidence, that parties of record, whether in civil actions, or criminal prosecutions, are not admissible witnesses. *Commonwealth* v. *Marsh et al.,* 10 Pick. 57. 1 Phil. Ev. (C. & H.) 69. Greenl. Ev. 378. *Sears* v. *Dillingham,* 12 Mass. 358. *Fox* v. *Whitney,* 16 Mass. 118. An executor, though indemnified against costs, is not competent. *Page* v. *Page* 15 Pick. 368. It is sufficient to exclude the witness offered, that he is party to the record, without regard to his interest. *Frear* v. *Evertson,* 20 Johns. 142, *Bennington* v. *McGennes,* 1 D. Ch. 44,

The opinion of the court was delivered by

KELLOGG, J. The relation in which Ruth M. Abbott stands to the plaintiff is such as to render her an incompetent witness, unless the plaintiff could legally have been admitted as a witness in the case. This is admitted in the argument, and we think very correctly; for their interests are identical. The question, then, arises, is the plaintiff a competent witness?

Formerly it was regarded as a well settled principle, that a *party of record* could never be admitted as a witness in the suit, except by consent of the opposite party. That rule, however, has been relaxed by the more recent decisions. The reason of the rule was, the sup-

posed interest of *every party* upon the record; and we know of no other. If, then, a case should arise, in which a party of record was divested of all interest in the event of the suit, we see no reason why, upon proper application, he should not be admitted a witness. So are the recent decisions in the English courts and in the courts of some of the neighboring states. 20 E. C. L. 177. 11 Conn. 342. 12 Conn. 134. The same principle was fully recognized by this court in the case of *Sargeant* v. *Sargeant et al.*, 18 Vt. 371. It may, then, be regarded as a settled principle, in this state, that a party of record may call the opposite party, with his consent, as a witness, he being divested of all interest in the suit. The question then arises, was the plaintiff divested of all interest in the suit?

He is clearly liable, in the first instance, for the costs of the suit; for the statute expressly so provides. But it is said, that, by statute, he is authorized to charge the costs, so allowed against him, to the estate, and that therefore his interest is removed, in the case of a solvent estate. It must, however, be borne in mind, that the probate court may not allow these costs; for the law only contemplates this allowance, in the event that the suit has been prosecuted *bona fide*. If he should fail in the suit, may it not be questioned, whether it was *prosecuted* in *good faith*? And to avoid this risk, would he not have an interest to recover in the suit? We think he would. Consequently he was not free from interest, so as to render his wife a competent witness in the suit.

But, suppose the plaintiff divested of all interest in the event of the suit, is it true, that he could claim the right to testify, without the consent of the other party. And if he could not claim this for himself, neither could he claim it for his wife. Now we are not aware of any authorities to sustain such a claim. None such have been produced, nor do we believe any such are to be found. We believe the utmost extent, to which the authorities upon this subject have gone, is, to allow a party of record to call the *opposing party*, *with his consent*, or a co-party, they being divested of all interest in the suit. The case at bar, then, is clearly distinguishable from the adjudged cases, which have been brought to our notice.

The witness was properly excluded, and the judgment of the court below is affirmed.