## REEDY *vs.* BRUNNER & Co.

1. On a general exception to the whole charge of the court, no question arises but whether the whole charge is erroneous.
2. Where the maker of a promissory note, payable to a certain person or bearer, on being inquired of by a third person to whom the payee had offered, after its dishonor, to sell it, answered that it was all right, and that he would pay it, and thereupon the purchase was

made and the price paid, the maker is estopped from setting up failure or want of consideration, or any other equity existing between himself and the payee, to an action brought upon the note by the purchaser or his privies.

Practice in the Supreme Court. Charge of Court. New trial. Estoppel. Before Judge CRAWFORD. Talbot Superior Court. March Term, 1877.

Brunner & Co. brought complaint against Reedy on a note dated February 6, 1874, payable three days after date to Thomas Reedy or bearer, for $102.21. The defendant pleaded the general issue—failure and want of consideration.

The material facts developed by the testimony are stated in the opinion. The jury found for the plaintiffs. The defendant moved for a new trial, because the verdict was contrary to the law and the evidence. The motion was overruled and he excepted.

Incorporated in the bill of exceptions is the entire charge of the court. Following the assignment of error on the overruling the motion for new trial, is this language : " And defendant also excepts to the charge of the court, and assigns the same as error."

MARION BETHUNE; HATCHER & GOETCHIUS, by W. A. LITTLE, for plaintiff in error.

MARTIN & MUMFORD, by brief, for defendants.

BLECKLEY, Judge.

1. The Code (section 4251) requires that the errors alleged shall be plainly specified. Where the charge of the court consists of numerous propositions, a general exception to the whole charge is sustainable only where the entire charge is erroneous—where the charge is a mass of error, with no leaven of truth. This has been ruled several times—14 *Ga.*, 404, and subsequent cases. Such an exception makes the single question whether the whole charge is erroneous.

2. If the jury believed the testimony most favorable to the plaintiffs below (and they evidently did), the verdict was correct on both law and fact. The note being past due, the payee offered it for sale. The person to whom it was offered, went to the maker and inquired concerning it. The maker answered that it was all right, and that he would pay it. Acting upon this clear and explicit answer, the indi-- vidual to whom the answer was made purchased the note and paid value for it. Under him the plaintiffs below afterwards acquired their title ; so the record clearly indicates, though the fact is not directly stated. The jury had data before them from which they could infer it. The maker of the note is estopped from using the defense which he now sets up. He cannot use it against the person who purchased on the faith of his statement, nor against the privies of that purchaser. 19 Wend., 557; 21 *Ib.*, 172 ; 10 Gill & J., 405 ; 5 How. Miss., 471; 18 Vt., 371 ; Works on Estoppel, generally.

Judgment affirmed.