## PAUSCH *vs.* GUERRARD *et al.*

1. Where in an action of trespass a verdict was rendered for the defendants, and pending a motion for new trial one of them died, but the action could proceed against the others without the decedent, it was not necessary to delay the cause and have representation on her estate ; and a bill of exceptions to the overruling of the motion for new trial will not be dismissed because the living defendants only were served.

2. In an action of trespass, if the plaintiff makes out a case for recovery except the proving of actual damages, he will be entitled to nominal damages.

3. A constable of the county of Chatham residing and having his place of business within the city of Savannah, is a constable of that city, and may execute a warrant to dispossess a tenant holding over directed to "the sheriff of the city court of Savannah or any lawful constable of said city."

4. A ground of error abandoned in this court will not be considered.

5. If a tenant agreed to make no opposition to a lease by his landlord of the premises which he occupied to another tenant for a term of years, and the landlord acted on that agreement, the tenant is estopped from suing the landlord or his agent for dispossessing him more than a month thereafter, in order to put the new tenant in possession.

6. Where an officer executing a warrant to dispossess a tenant refuses to receive a bond tendered to him in support of a counter-affidavit, the presumption is in his favor, and to render him liable for such refusal it must appear that the bond was in substantial compliance with the law, and that the surety was solvent and responsible.

7. If the bond was not good, it is immaterial whether it was tendered in time or not.

8. If a constable executing a warrant to dispossess a tenant holding over turned him out of possession before the expiration of the time allowed by law, he was liable as a trespasser, and the principal or superior agent under whose instructions he acted was likewise liable.

9. While ordinarily a general law does not repeal a prior local law, unless the latter be specially named or necessarily embraced in the' terms used, yet where it is apparent from the act itself and the constitution of the state that it was intended to embrace the local law, the latter will be held to be modified or repealed thereby.

(*a.*) The old law providing for immediate dispossession of a tenant

holding over in the city of Savannah, and having been construed so as to allow twenty-four hours as a reasonable time to prepare a counter-affidavit and bond, the act of 1878 providing for the allowance of three days for a like purpose in proceedings to dispossess tenants "under existing laws," and the constitution having declared that there shall be uniformity of procedure in courts of the same grade, the local law is therefore held to be repealed by the subsequent general law.

Practice in Superior Court. Practice in Supreme Court. Damages. Officers. Savannah. Landlord and Tenant. Laws. Actions. Trespass. Before Judge HARDEN. City Court of Savannah. February Term, 1881.

Pausch brought an action against A. G. Guerrard, Emily B. Guerrard, Evelina Guerrard and Thomas A. Folliard, to recover damages for an alleged trepass. The declaration alleged, in brief, as follows: Emily B. and Evelina Guerrard were the owners of a store in the city of Savannah, and A. G. Guerrard acted as their agent. Plaintiff was their tenant. During the continuance of this tenancy, on August 5th, 1880, A. G. Guerrard swore out a warrant to dispossess Pausch from the store as a tenant holding over; on the same day Folliard, a constable of Chatham county, notified Pausch of the warrant, and on the next day ejected him from the store.

The defendants pleaded the general issue. On the trial the evidence for the plaintiff was, in brief, as follows: Pausch rented the store for a year at a stipulated price per month, in December, 1878, and continued in possession under such contract until August 6th, 1880. In June, 1880, Guerrard leased the premises to one Reedy, and asked Pausch if he would give Reedy any trouble, to which Pausch replied no—understanding that Reedy's lease was subject to his. Considering Reedy as the agent of Guerrard, Pausch paid him the rent for July, 1880. On August 5th, Guerrard sued out a warrant to dispossess him, and on August 6th, Folliard, a constable of Chatham county, doing business in Savannah, ejected him

after twenty-four hours' notice. He tendered bond with security and a counter-affidavit during the progress of the removal of his goods, but they were rejected by the constable.

The evidence for the defendants differed from that for the plaintiff in the following material points: Pausch did not rent by the year, but by the month, and it was expressly agreed that he would give up possession whenever Guerrard could do better. The latter asked Pausch if he would surrender possession without trouble to Reedy, if Guerrard leased to him, and Pausch agreed to do so. This was in June, 1880. A few days thereafter Guerrard made a lease for five years to Reedy. Pausch remained in the house during July; no question was raised by him as to being a yearly tenant, but he claimed that his month expired on the 10th and not on the 1st of the calendar month. He would have left if Reedy would have allowed him the rent for July, but this the latter declined to do, and notified him to vacate. The counter-affidavit and bond were tendered after nearly all of the property had been removed from the building; there was no attestation of the bond; it was again tendered, attested, after the plaintiff in the warrant had been put in possession.

The jury found for the defendants. Plaintiff moved for a new trial, on the following grounds :

(1.) Because the verdict was contrary to the law, evidence, and the charge of the court.

(2.) Because the court erred in charging the jury that the three days' notice required to be given under the statutes of Georgia to tenants before dispossessing them was not applicable to the city of Savannah, and in charging that, no notice was necessary from the officer to the tenant.

(3.) Because the court erred in charging that Thomas A. Folliard, the constable who executed the writ, was a constable of the city of Savannah, and authorized by law to execute said process.

(4.) Because the court erred in charging that if the jury found that there was no time specified for the termination of the tenancy, in that case the law construes it to be a tenancy for a year, and under the custom of the city of Savannah three months' notice was necessary to terminate the tenancy, there being no evidence of any such custom.

(5.) Because the court erred in charging that if the jury found that before the lease to Reedy, Pausch promised Guerrard that in the event he did rent to Reedy he (Pausch) would not delay Reedy, and that Guerrard upon the faith of that promise did lease to Reedy, Pausch would be estopped from violating that promise.

(6.) Because the court erred in charging that the bond tendered was not a valid bond under the law governing such cases in the city of Savannah.

(7.) Because the court erred in charging that if the jury found that the bond and affidavit were tendered too late, or after Pausch had been dispossessed, or after the officer had removed all the goods he could remove, then in that case the officer did right in rejecting the bond.

(8.) Because the court erred in charging that the officer who executed the writ, and Guerrard, the agent of Emily B. and Evelina Guerrard, were not liable to Pausch in damages, and that they were not to be considered in making their verdict.

The motion was overruled, and plaintiff excepted.

H. G. EVERITT; R. R. RICHARDS, for plaintiff in error.

A. P. & S. B. ADAMS, for defendants.

JACKSON, Chief Justice.

This action was brought to recover damages against a constable, an agent, and two landlords, for illegally dispossessing the plaintiff of a tenement in the city of Savannah. The jury found for defendants, and a new trial having been denied him, the plaintiff excepted.

1. A motion was made to dismiss the bill of exceptions because one defendant was not served. The defendant not served was dead, and it is insisted that steps should have been taken to make her representative a party, and serve him  We think not. The suit was good against the other three without making her a party originally, and it could go on anywhere against them at any stage of the cause without making her representative a party, even if she had one, of which there is no proof. Certainly the plaintiff need not delay the progress of his case until one was made. The motion to dismiss the writ of error is denied.

2. Though no actual damage be proved, if plaintiff had a case requiring damages he could recover nominal damages. Code, §§2946, 3065.

3. A constable of the city of Savannah, to all intents and purposes, includes constables of the county of Chatham, living and having their places of business in Savannah, and they may execute the process of the city court of Savannah in such cases as this, when directed to do so; and the direction to constables of the city is a direction to any constable of the county who lives and does business in the city.

4. The ground in respect to the charge about three months' notice to tenants for the year was withdrawn; and well it might be, as it was favorable to the plaintiff.

5. If the plaintiff did agree to make no opposition to the lease of the premises he occupied to another for a term of years, and the landlord acted on that agreement, the plaintiff is estopped from suing the landlord or his agents for dispossessing him in order to put the new tenant for years in, over one month after he had so agreed; and it was not error so to charge the jury. Code, §3753; 60 *Ga.*, 107. This is the substance of the principle ruled in the charge, and this record discloses sufficient evidence to authorize the charge.

6. The bond tendered was substantially a good bond if

the surety was good; but the presumption is that the officer did his duty, and the plaintiff should have proved that the surety tendered was solvent and responsible. No such evidence appears here or appeared before the city court. Therefore there is no error in the charge that the bond was not a valid bond, even if it had been precisely in accordance with the city law. The point that the plaintiff must show affirmatively that the surety is good, was ruled at this term in the case of *Jones et al. vs. Crawley et al.*  That case was an application for injunction, but the principle ruled covers this.

7. It is wholly immaterial whether the bond was late or in time, if the surety was not good; but it was too late if the act of 1878 allowing the tenant three days' notice from the officer is not of force in Savannah, on account of their local law, which is a point we shall consider hereafter.

8. Whether or not the jury could find against the constable turns on the same question. If the tenant was entitled to three days' notice from the constable, of course he was a trespasser, and liable when he turned the tenant out before the expiration of that time; unless plaintiff was estopped as to his principals; if so he would be as to their agents. And this will also apply we think, to Guerrard, the agent. If there was a tort, a trespass, all agents and principals are tortfeasors.

9. This is not a suit for malicious prosecution of a private claim, but it is an action of trespass, and the doctrine of want of probable cause and malice does not apply. *Juchter vs. Bohm, Bendheim & Co.*, decided this term. Besides, if the officer did not give the three days' notice, the act of 1878, if applicable, made him a trespasser. And though that act gives a remedy on the constable's bond, that does not deprive the party injured of his old remedy in trespass against all who commit a trespass, including the constable. That act makes this act trespass.

10. There is plenty of evidence to sustain the verdict;

and the only remaining question is whether the act of 1878 repeals the local law of Savannah which enacts that the process be executed *immediately*, while that act allows three days of grace, and requires three days' notice by the officer to the tenant before he can legally dispossess him. On the point of estoppel there is conflicting testimony, perhaps, there being room it may be for misunderstanding, and hence whether the three days' notice act be applicable becomes important and must be determined. That act will be found in the public laws of 1878–9, p. 145. It declares in so many words that against intruders and tenants holding over the officer who executes process un-, der *"existing laws"* shall give three days' notice to the tenant before he evicts him. This local law is an *existing* law, and under it this constable was proceeding to dispossess this tenant. It is not necessary to hold that the local law under which the custom of giving notice twenty-four hours before eviction grew up by construction of the term *"immediately,"* used in that local law, Code, §4890, was repealed by this act of 1878–9. That act provided that the process be executed "immediately," and by construction or custom twenty-four hours was allowed necessarily to carry into effect the entire local law, for the subsequent section, 4892 of the Code, provides that the tenant may arrest the proceeding by making affidavit and giving bond and good security. In order to do that he must have some time to make oath before an officer authorized to administer it, and to get his security and make a legal bond. Therefore, twenty-four hours was deemed a fair construction of the word " immediately " when read, as it must be, with the entire act; and the legislature in the act of 1878–9 has merely modified this construction so as to give three days' time instead of one day. It is just and wise—a remedial statute, and, therefore, to be liberally construed. . It was passed to allow tenants time enough to do what the general laws of the state, as well as this local law of Savannah, author-

ized them to do, that is to take preliminary steps to carry the case into the courts. Three days is a reasonable time for this preparation, and as the constitution of 1877 seems to advise, if not require, the general proceedings of the courts and their officers on the same subject matters to be uniform, (see Supl't to Code, 635,) and as the broad term, "under existing laws," embraced the proceedings of all officers without any strained construction, we ca..not avoid the conclusion that this act of 1878–9 was designed to embrace, and does embrace, those proceedings to dispossess tenants in Savannah as in all other parts of Georgia, and proceedings under her local law as under any general law. We are aware that a particular law is not ordinarily repealed by a general law unless particularly named, or necessarily from its terms embraced therein, but in the light of the terms used in this act, and of the constitutional provision that "the jurisdiction, powers, proceedings and practice of all courts or officers invested with judicial powers (except city courts,) of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment and decree by such courts, severally, shall be uniform. This uniformity must be established by the general assembly." We have no doubt that the true construction of this act allowing tenants three days' notice by the officer before eviction, is to apply its provision to every process of every officer against tenants holding over. It must be noted that this local law is not confined to the judge of the city court of Savannah, but the process may issue by order as well of the judge of the superior court and of the ordinary. Code, §4890.

The statute of 1878–9, too, is imperative, and it declares that the officer who executes the process without notice of three days shall be liable as a trespasser. We have no alternative, therefore, but to reverse the judgment and award a new trial on this ground.

Cited for plaintiff in error: Code, §§4078, 4079, 4939,

4830; Acts of 1878–9, p. 145; Prince's Dig., p. 495; Her. on Es., 373; 5 N. Y., 394; Taylor Land. and Ten., 509–512, 513, 514, 515, 516; Wade on Notice, 645; Add. on Con., 385; 1 Par. on Con., 509; 13 *Ga.*, 260; 2 Add. on Torts, 1198–1211; Cooley on Torts, 326; Taylor Land. and Ten., 479, 480, 483; 2 Greenleaf's Ev., 321; 1 Par. on Con., 514; Wade on Notice, 700; 31 *Ga.*, 700; 43 *Ib.*, 209; Code, §3571.

For defendant: 63 *Ga.*, 172; Code, §2967; Code, §§4077 *et seq.*, 4890, 4892; 12 *Ga.*, 409; Acts of 1839, p. 138; Code, §§4881, 4889; Acts 1871–2,, p. 133; 60 *Ga.*, 107; 42 *Ib.*, 141; 59 *Ib.*, 204; 55 *Ib.*, 648; 56 *Ib.*, 615; 12 *Ib.*, 564; 63 *Ib.*, 683; 13 *Ib.*, 260; 61 *Ib.*, 496; 29 Am. R., 214; 15 *Ga.*, 361; 6 Ire., 153; 59 N. Y., 83; 47 Md., 310; 21 Penn., 37; 14 Ohio, 485; Code of 1863, p. 13; of 1865, p. 11; of 1873, p. 11; 54 *Ga.*, 128; Acts of 1878–9, pp. 32, 49, 136, 137; Smith's Man. of Common Law, 410–411; Bouv. Law Dic., par. 4; 12 Cush. Mass., 475; 3 N. Y., 9; 57 Barb., 434.

Judgment reversed.