27094. McKENZIE *v.* ALSTON *et al.*

DECIDED DECEMBER 3, 1938.

*Clint W. Hager, J. F. Kemp, Carl N. & Frank T. Davie,* for plaintiff.

*Robert B. Troutman, Marion Smith, J. A. Branch,* for defendants.

BROYLES, C. J. ■ "Where in an action of trespass a verdict was rendered for the defendants, and pending a motion for new trial one of them died, but the action could proceed against the others without the decedent, it was not necessary to delay the cause and have representation on her estate; and a bill of exceptions to the overruling of the motion for new trial will not be dismissed because the living defendants only were served." *Pausch* v. *Guerrard,* 67 *Ga.* 319. Applying this ruling to the facts of the instant case the motion to dismiss the bill of exceptions is denied.

■ Mrs. Silvey Speer McKenzie brought suit against the ·law firm of Alston, Alston, Foster & Moise, as partners, and against the members of the firm individually, to recover the loss of certain valuable property located at "Five Points" in Atlanta, Georgia, it being alleged that the loss of said property was the result of the defendants' failure to exercise reasonable care and skill in the performance of services rendered under a contract of employment entered into by them with the plaintiff. Upon the trial, after the

introduction of evidence, the court directed a verdict for the defendants. Subsequently, the plaintiff's motion for a new trial, consisting of the general grounds, and one special ground (complaining of the direction of the verdict), was overruled; and to that judgment she excepted.

The undisputed evidence showed the following material facts: The defendants were employed to represent the plaintiff in an attachment proceeding brought against her in the municipal court of Atlanta by H. E. Clary, the employment being made through the plaintiff's father, W. A. Speer, who acted as her attorney in fact under certain powers given to him by the plaintiff and set forth in the record; the defendants had no personal contact with the plaintiff, as she was in California during the entire course of the litigation, and all their communications with her were by letters or telegrams. Throughout the litigation the defendants were in communication with said Speer who consulted and advised with them as to all phases of the litigation, and they reported to him all of the material facts occurring in the Clary case, including all negotiations as to a compromise thereof. Said Speer, as the agent and attorney in fact of the plaintiff, verified the answer which the defendants filed for her in the attachment proceedings brought by Clary, and, acting for her, he attended the trial of the case. The plaintiff wrote to said Speer and suggested the defense which she desired to be made as to the notes executed by her and her husband, Marshall McKenzie, and upon which the attachment proceedings were based. Speer, acting as her agent and attorney in fact, also verified the intervention which the defendants filed in her behalf in the mandamus proceeding instituted by Clary against J. M. George, marshal of said municipal court, to compel George to make him (Clary) a deed to the plaintiff's property, which had been levied on and sold under the judgment which Clary had obtained against her in said court.

Before the instant suit was brought, she had sued said Speer, her father, and in her petition in that action she alleged that she had given him a power of attorney to represent her in the employment of counsel to file a defense for her in the Clary attachment proceeding, and she further alleged that her father was learned and versed in the law, had been admitted to the bar and was qualified to practice law; that when she appointed him as her attorney

in fact she had implicit confidence in his ability and judgment; that he had advised her to convey her interest in her property (the Silvey building), to her daughter, Frances McKenzie, and that in pursuance of his advice and that of the defendants (in the instant case), she executed a deed conveying her interest in said property to her said daughter and sent the deed to the lawyers (sued in the instant case) ; that said lawyers had been negligent in certain particulars and that her father knew or should have known of such negligence, but that he negligently disregarded the duties imposed upon him as her "agent" and failed and refused to inform her of such negligence; and, furthermore, that her father, occupying the relationship of principal and agent and of parent and child to her, agreed that he would hold her harmless against the Clary attachment proceeding, and agreed to pay Clary such sums of money as might be necessary to relieve her of any liability on account of such proceeding; that he failed to carry out such agreements and did not pay to Clary said money, did not hold her harmless and did nothing to prevent her life estate in said property from being sold. Clary, in his attachment case, had obtained a judgment against the plaintiff in the instant case for the sum of $3725; and, subsequently, her life interest in the Silvey building, located in Atlanta, was sold, under the lien created by the judgment, to said Clary, who was the only bidder at the sale.

Sometime later, the present suit was filed to recover alleged damages due to the loss of her life interest in the Silvey building. However, it appears from the undisputed evidence that the plaintiff had voluntarily conveyed her life interest in said property to her daughter, Frances McKenzie, before the levy and the sale, and, therefore, the plaintiff sustained no damages on account of the levy and sale. The plaintiff seeks to avoid the effect of her said conveyance by contending that she made it on the advice of the defendants; and, furthermore, that her daughter never accepted the conveyance and, therefore, that no complete conveyance of the property had occurred. The undisputed evidence shows that while the defendants did advise the plaintiff's father to have the plaintiff make said conveyance, such advice was not predicated on the idea that the conveyance would defeat the Clary attachment, and they never advised the plaintiff or her father that it would do so. The plaintiff testified that the defendants advised her in a letter, which she

had lost, that it would be to her interest to execute the conveyance, but she did not testify that said letter advised her that such a conveyance would defeat the Clary attachment. The defendants testified that they told her father that while the conveyance could not defeat the attachment, it was advisable to make it for the following reason: even if the plaintiff could extricate herself from the Clary litigation, the defendants believed that in the course of time she would be involved in other financial troubles, and that it would be safer for her daughter to own the property; that the defendants had been counsel for her family for many years, and they had long and intimate knowledge of the family affairs; that they knew the plaintiff had been in many difficulties throughout her married life, and had been a continual source of expense and sorrow to her parents; that her father had informed them of the long criminal record of her husband in "bootlegging" and other crimes, and of the active co-operation of the plaintiff in her husband's criminal activities; and that because of such things they had advised her father that, to save the property in question from future difficulties, it was advisable for the plaintiff to deed the property to her daughter. The plaintiff testified that she received the deed, with a letter from the defendants informing her how to execute the deed. She admitted that she knew she was signing a deed that conveyed her life interest in the property to her daughter, that she executed the deed and returned it to the defendants. She did not deny that she was fully aware of the consequences of making the deed, nor did she assert that any misrepresentations were made to her by the defendants. Her suit does not seek to have the deed set aside, nor does it set forth any ground that would authorize such action. Under the plaintiff's own testimony the deed executed by her was a valid conveyance of the property.

There is no merit in the plaintiff's other contention that there was no delivery of the deed. The undisputed evidence shows that the deed was mailed back to the defendants by the plaintiff, that it was recorded and delivered to the plaintiff's father (in Atlanta), who was the grandfather of the grantee. It is immaterial whether this was originally a good delivery to the grantee, because the undisputed evidence shows that the grantee thereafter ratified the conveyance of the property to her. She executed the notice to the marshal of the court in which she endeavored to stop the levy.

That notice recited: "The remainder interest in this property is vested in me under the will of Mr. John Silvey, my great-grandfather. *I have also acquired by deed from my mother* her life estate in said property." (Italics ours). She also executed the following affidavit, which was filed with the marshal: "Affiant further says that she has acquired the life interest of her mother, Silvey Speer McKenzie, by deed." In both the notice and the affidavit the life interest mentioned referred to the life interest of the plaintiff in the property in question. There is nothing in the evidence to show that the grantee did not know what she was signing when she executed the notice and the affidavit, and we hold that the evidence demanded a finding that the grantee had exercised acts of ownership over the property and that she had ratified the delivery of the deed.

"An acceptance of a deed need not be by formal or express words to that effect, but may be by acts, conduct, or words of the parties showing an intention to accept. So there may be an acceptance by the retention of the deed by the grantee; by an assertion of title by him; by his conveyance or mortgage of the property; by acts of ownership generally in respect to the property; or by bringing a suit on the deed. And, although a deed does not actually pass from grantor to grantee, yet if there are words showing delivery and acceptance, this may be sufficient." 18 C. J. 214, § 123. "Where a life tenant conveys to the remaindermen, who institute partition, based on a present right to the property, and later sue for its possession, such conduct amounts to an acceptance of the life-tenant's conveyance." Whitaker *v.* Whitaker, 175 Mo. 1 (74 S. W. 1029). "In case of a voluntary conveyance by a parent to a child, the recording of the deed by the parent, or his delivery of it for record, is ordinarily held to evidence a delivery, and the assent of the grantee, the conveyance being for his benefit, will be presumed, unless, as has been held, he rejects it within a reasonable time after he arrives at age." 18 C. J. 207, 208, § 111. In Gould *v.* Day, 94 U. S. 405 (24 L. ed. 232), the first headnote reads: "The delivery of a deed conveying land will, in the absence of direct evidence of the fact, be presumed from the concurrent acts of the parties recognizing a transfer of the title. Thus, where a deed has been executed and recorded without the knowledge of the grantee, who subsequently, upon a request of the grantor, conveyed

854

the land to a third party, it was *held* that this recognition by both parties of the transfer of the title was sufficient evidence that at that time the deed had been delivered."

Furthermore, the plaintiff is estopped by her pleadings in this case from denying that she conveyed the property to her daughter. In sub-paragraph f of paragraph 50 of her petition she says: "The defendants induced the plaintiff to part with the interest, right, and title she had in and to said property by conveying the same to her daughter, Frances McKenzie, for love and affection, on the representation that the same was necessary in order for her, the plaintiff, to defeat Clary's recovery." (It may be well to state here that on the trial the allegation as to such representation was not supported by any evidence). It is a well-established rule that pleadings are to be construed most strongly against the pleader, and the above-quoted portion of the plaintiff's petition, when so construed, clearly shows that she voluntarily parted with "the interest, right, and title she had in and to said property by conveying the same to her daughter, Frances McKenzie," and she will not be heard to assert otherwise. It is true that in other parts of her petition she alleges that the deed was not delivered to her daughter, but, as pointed out heretofore in this opinion, the daughter could and did ratify the conveyance and its delivery, even though the deed was not physically handed to her, and therefore there is no inconsistency between the plaintiff's allegation that she parted with her title to the property and the allegation that the deed was never delivered to her daughter. In our opinion, the undisputed evidence shows that the plaintiff had parted with her interest in the property before it was sold, and that she sustained no legal damages because of such sale. It follows that the court properly directed a verdict for the defendants.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*