[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
Pursuant to Connecticut Practice Book Sections 10-39(a)(1) and 10-39(a)(2) the defendant, Bankboston, N.A., moves to strike the first and second counts of the plaintiff's amended complaint dated May 14, 1999 and paragraph b of plaintiff's prayer for relief.
The defendant's predecessor in title lent money to the plaintiff and took in return a security interest on an airplane. That security interest which was attached to the complaint as appendix A provided that the relationship between the parties "shall be governed by the law of Massachusetts".
Count One of the plaintiff's complaint alleges a cause of action under the Uniform Commercial Code, Conn. Gen. Stat. Section 42a-9-501 through Section 42a-9-507. Count Two alleges an action under the Connecticut Retail Installment Sales Financing Act, Conn. Gen. Stat. Section 36a-770(c). The prayer for relief requests attorneys fees under Conn. Gen. Stat. Section 42-110(g) (d). That section allows the consumer in a consumer transaction CT Page 8979 to recover attorneys fees if the business would have been entitled to attorneys fees had it prevailed.
DISCUSSION
Connecticut Practice Book Section 10-29 provides as follows:
 (a) any plaintiff desiring to make a copy of any document a part of the complaint may, without reciting it or annexing it, refer to it as exhibit A, B, C, etc. as fully as if it had been set out at length. . . .
The plaintiff appears to argue that notwithstanding the choice of law provision in its contract, the contract between the parties is more properly controlled by Connecticut law because Connecticut has more contacts with the dispute.
Section 20-39 of our Practice Book relating to a motion to strike provides:
 a. Whenever a party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross-claim. . . . the party may do so by filing a motion to strike the contested pleading or part thereof.
The motion to strike admits all facts well pleaded. Ferrymanv. Groton, 12 Conn. 138, 142 (1989). In ruling on the motion to strike, the court is limited to those facts alleged in the complaint. Rowe v. Godou, 209 Conn. 273, 278 (1988).
While the briefs and the oral argument in this matter contained claims concerning the appropriate choice of law, as well as claims concerning the similarity or dissimilarity between Connecticut and Massachusetts law in regard to the causes of action; neither of these matters are within the pleadings.
By incorporating its contract into the pleading, the plaintiff has alleged that it is a party to a contract controlled by Massachusetts law at the same time, the plaintiff's prayer for relief and first and second counts plead specific Connecticut Statutes. CT Page 8980
This court holds that the plaintiff has not stated a cause of action in either count or in its prayer for relief. This court is not called upon to decide the applicable choice of law in this case.
The court hold that the plaintiff either must claim its remedies under Massachusetts law, in accordance with its contract, or in some appropriate manner plead that it is claiming Connecticut Statutory remedies and that the choice of law provision of its contract is inapplicable.
The motion to strike counts one and two and the motion to strike the claim for attorney's fee under Section 42-110(g)(d) is granted.
Kevin E. Booth, J.