# MURPHY *v.* PEOPLE OF THE STATE OF CALIFORNIA.

## ERROR TO THE SUPERIOR COURT OF LOS ANGELES COUNTY, STATE OF CALIFORNIA.

No. 204.   Argued March 11, 1912.—Decided June 7, 1912.

While the Fourteenth Amendment protects the citizen in his right to engage in any lawful business, it does not prevent legislation intended to regulate useful occupations, which because of their nature and location, may prove injurious or offensive to the public.

The Fourteenth Amendment does not prevent a municipality from prohibiting any business which is inherently vicious and harmful.

The Fourteenth Amendment does not prevent a State from regulating or prohibiting a non-useful occupation which may become harmful to the public, and the regulation or prohibition need not be postponed until the evil is flagrant.

An ordinance prohibiting the keeping of billiard halls is not unconstitutional under the Fourteenth Amendment, either as depriving the owner of the hall of his property without due process of law or as denying him the equal protection of the laws.

Where, in the exercise of the police power, the municipal authorities by ordinance determine that a certain class of resorts should be prohibited as harmful to the public, the courts cannot except from the operation of the statute one of the class affected on the ground that his particular place does not produce the evil aimed at by the ordinance.

One cannot be heard to complain of his money loss by reason of the legislating out of existence of a business in which he had invested and which is not protected by the Federal or state constitution and which he knew was subject to police regulation or prohibition.

A classification in a statute regulating billiard halls based on hotels having twenty-five rooms is reasonable; and the owner of a billiard hall, not connected with a hotel, is not denied equal protection of the laws by an ordinance prohibiting keeping billiard halls for hire because hotels having twenty-five rooms can maintain a billiard hall for their regular guests.

One who does not keep a hotel with less than the specified number of rooms, cannot be heard to complain that a statute denies the owners of the smaller hotels the equal protection of the laws, it not appearing that the provision was inserted for purposes of evasion or that the ordinance was unequally enforced.

The fact that one of a class excepted from the operation of a police ordinance on complying with a condition, does not comply therewith, does not render the statute unconstitutional as against the classes upon which it operates, but renders the person violating the condition subject to the penalties of the ordinance.

The ordinance of South Pasadena, California, passed in pursuance of police power conferred by the general law of the State, prohibiting the keeping of billiard halls for hire, except in the case of hotels having twenty-five rooms or more for use of regular guests, is not unconstitutional under the Fourteenth Amendment either as depriving the owners of billiard halls not connected with hotels of their property without due process of law, or as denying them equal protection of the laws.

155 California, 322, affirmed.

THE facts, which involve the constitutionality under the Fourteenth Amendment of a police law of California regulating billiard halls, are stated in the opinion.

*Mr. Alfred S. Austrian*, with whom *Mr. Levy Mayer* was on the brief, for plaintiff in error:

The police power may be exercised to protect the public health, morals, safety and the general welfare, but it is at all times subject to the constitutional limitations that it may not arbitrarily take away the lawful rights of a citizen. *Lawton* v. *Steele*, 152 U. S. 133, 137; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 558; *Dobbins* v. *Los Angeles*, 195 U. S. 223; *Yick Wo* v. *Hopkins*,

118 U. S. 356; *C., B. & Q. R. R.* v. *Illinois*, 200 U. S. 561, 592, 593.

Whether a particular regulation is a valid exercise of the police power is ultimately a judicial, not a legislative, question. *Dobbins* v. *Los Angeles*, 195 U. S. 223, 235; *Mugler* v. *Kansas*, 123 U. S. 622, 661; *G., C. & S. F. Ry. Co.* v. *Ellis*, 165 U. S. 150, 154; *Lochner* v. *New York*, 198 U. S. 45, 60.

If a business may be so conducted as to be harmful to the public welfare, but is not necessarily so, the legislature, under its police power, may regulate, but cannot prohibit, such business. Cases *supra; State* v. *Hall*, 32 N. J. L. 158, 159; *Pfingst* v. *Senn*, 94 Kentucky, 556; *S. C.*, 23 S. W. Rep. 358; *State* v. *McMonies*, 75 Nebraska, 443; *S. C.*, 106 N. W. Rep. 454; *Zanone* v. *Mound City*, 103 Illinois, 552, 558.

If a thing is not in fact a nuisance *per se* it cannot be made so by a mere declaration of the legislative will expressed in an ordinance. *Yates* v. *Milwaukee*, 10 Wall. 497, 505; *Boyd* v. *Board*, 117 Kentucky, 199; *S. C.*, 77 S. W. Rep. 669; *Board* v. *Norman*, 51 La. Ann. 736; *S. C.*, 25 So. Rep. 401; *Hume* v. *Cemetery*, 142 Fed. Rep. 552, 565.

A billiard and pool room is not a nuisance *per se;* it is not necessarily harmful to the public welfare. *State* v. *McMonies*, 75 Nebraska, 443; *Ex parte Murphy*, 8 Cal. App. 440; *Ex parte Meyers*, 7 Cal. App. 528; *Pfingst* v. *Senn*, 94 Kentucky, 556; *State* v. *Hall*, 32 N. J. L. 158, 159; *Breninger* v. *Belvidere*, 44 N. J. L. 350; *Morgan* v. *State*, 64 Nebraska, 369.

Even if an ordinance prohibiting all billiard and pool rooms were valid, this ordinance is unconstitutional in that it confers privileges and immunities on some citizens which it denies to others and the distinctions and classification sought to be drawn are arbitrary, are not based on natural grounds of reasonableness or public policy

and do not tend to promote the public welfare.  *L. S. & M. S. R. R.* v. *Smith*, 173 U. S. 684; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 558, 563; *Cotting* v. *Godard*, 183 U. S. 79, 112; *Re Yot Yot Sang*, 75 Fed. Rep. 983; *Nichols* v. *Watter*, 37 Minnesota, 264, 271; *McCue* v. *Sheriff*, 48 Minnesota, 236; *Lappin* v. *District of Columbia*, 22 App. D. C. 68, 78; *Fiscal Court* v. *Cox Co.*, 132 Kentucky, 738; *Bailey* v. *People*, 190 Illinois, 28, 37; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *G., C. & S. F. Ry.* v. *Ellis*, 165 U. S. 150, 155, 159, 165; *People* v. *Warden*, 157 N. Y. 116; *Boyd* v. *Board*, 117 Kentucky, 199.

*Mr. John E. Carson*, with whom *Mr. Lynn Helm* was on the brief, for defendant in error:

Municipalities in the State of California, in the exercise of the police power conferred upon them by § 11, Art. XI of the state constitution, may either regulate or prohibit, and under such power they may prohibit a thing which is not a nuisance *per se*.  *Cemetery Ass'n* v. *San Francisco*, 140 California, 226; *Ex parte Murphy*, 8 Cal. App. 440; *S. C.*, 97 Pac. Rep. 199; *Ex parte Lacey*, 108 California, 326.

The conducting and keep of billiard and pool rooms for hire or public use is a constant menace to the public peace and morals and they may be regulated by control and regulation or entirely prohibited.  *Goytino* v. *McAleer*, 88 Pac. Rep. 991; *Ex parte Myers*, 6 Cal. App. 273; *Ex parte Murphy, supra; City of Tarkio* v. *Cook*, 120 Missouri, 1; *Ex parte Shrader*, 33 California, 279; *Ex parte Tuttle*, 91 California, 589; *Cemetery Ass'n* v. *San Francisco*, 140 California, 226; *Clearwater* v. *Bowman*, 72 Kansas, 92; *State* v. *Thompson*, 160 Missouri, 333; *Tanner* v. *Albion*, 5 Hill (N. Y.), 121; Cooley's Const. Lim. (7th ed.) 884; *Hall* v. *State*, 34 S. W. Rep. 22; *Webb* v. *State*, 17 Tex. App. 205; *State* v. *Jackson*, 39 Missouri, 420; *Rex* v. *Hall*, 2 Keb. 846; *Fertilizing Co.* v. *Hyde Park*, 97 U. S. 659; *Mugler* v. *Kansas*, 123 U. S. 669; *Crowley* v. *Christensen*,

137 U. S. 87; *Booth* v. *Illinois*, 184 U. S. 425; *Corinth* v. *Crittenden*, 94 Mississippi, 41.

A broad distinction is recognized between useful and non-useful businesses in the exercise of the police power by municipalities, and the billiard and pool room business is not a useful one. Freund on Police Power, § 59; *Crowley* v. *Christensen*, 137 U. S. 86; *Ex parte Murphy*, 8 Cal. App. 440; *Goytino* v. *McAleer*, 88 Pac. Rep. 991; *Tarkio* v. *Cook*, 120 Missouri, 1; *Ex parte Shrader*, 33 California, 279; *Ex parte Tuttle*, 91 California, 589; *Cemetery Ass'n* v. *San Francisco*, 140 California, 226; *Munn* v. *Illinois*, 94 U. S. 113; *In re Smith*, 143 California, 368.

The ordinance prohibits the public pool and billiard business, making no exceptions, and it is therefore not discriminative nor class legislation. Cases *supra*, and *Ex parte Christensen*, 85 California, 208; *In re Murphy*, 155 California, 322; *Ex parte Koser*, 60 California, 177; *Schwab* v. *Grant*, 126 N. Y. 473; *Sonora* v. *Curtain*, 137 California, 587; *California Reduction Co.* v. *Sanitary Works*, 126 Fed. Rep. 29; *Otis* v. *Parker*, 187 U. S. 606; *In re Kelso*, 147 California, 609; *Ex parte Haskell*, 112 California, 412.

MR. JUSTICE LAMAR delivered the opinion of the court.

In 1908 the city of South Pasadena, California, in pursuance of police power conferred by general law, passed an ordinance which prohibited any person from keeping or maintaining any hall or room in which billiard or pool tables were kept for hire or public use, provided it should not be construed to prevent the proprietor of a hotel using a general register for guests, and having twenty-five bedrooms and upwards, from maintaining billiard tables for the use of regular guests only of such hotel, in a room provided for that purpose.

The plaintiff in error was arrested on the charge of

violating this ordinance. His application for a writ of *habeas corpus* was denied by the Court of Appeals and Supreme Court of the State. *In re Murphy*, 8 Cal. App. 440; 155 California, 322. Thereafter the case came on for trial in the Recorder's Court, where the defendant testified that, at a time when there was no ordinance on the subject, he had leased a room in the business part of the city, and at large expense fitted it up with the necessary tables and equipments; that the place was conducted in a peaceable and orderly manner; that no betting or gambling or unlawful acts of any kind were permitted, and "that there was nothing in the conduct of the business which had any tendency to immorality or could in the least affect the health, comfort, safety or morality of the community or those who frequented said place of business." This evidence was, on motion, excluded and testimony of other witnesses to the same effect was rejected.

The defendant was found guilty and sentenced to pay a fine, or in default thereof to be imprisoned in the county jail. The conviction was affirmed by the Superior Court of the County, the highest court to which he could appeal. The case was then brought here by writ of error, the plaintiff contending that the ordinance violated the provisions of the Fourteenth Amendment, claiming, in the first place, that in preventing him from maintaining a billiard hall it deprived him of the right to follow an occupation that is not a nuisance *per se*, and which therefore could not be absolutely prohibited.

The Fourteenth Amendment protects the citizen in his right to engage in any lawful business, but it does not prevent legislation intended to regulate useful occupations which, because of their nature or location, may prove injurious or offensive to the public. Neither does it prevent a municipality from prohibiting any business which is inherently vicious and harmful. But, between the

useful business which may be regulated and the vicious business which can be prohibited lie many non-useful occupations, which may, or may not be harmful to the public, according to local conditions, or the manner in which they are conducted.

Playing at billiards is a lawful amusement; and keeping a billiard hall is not, as held by the Supreme Court of California on plaintiff's application for *habeas corpus,* a nuisance *per se.* But it may become such; and the regulation or prohibition need not be postponed until the evil has become flagrant.

That the keeping of a billiard hall has a harmful tendency is a fact requiring no proof, and incapable of being controverted by the testimony of the plaintiff that his business was lawfully conducted, free from gaming or anything which could affect the morality of the community or of his patrons. The fact that there had been no disorder or open violation of the law does not prevent the municipal authorities from taking legislative notice of the idleness and other evils which result from the maintenance of a resort where it is the business of one to stimulate others to play beyond what is proper for legitimate recreation. The ordinance is not aimed at the game but at the place; and where, in the exercise of the police power, the municipal authorities determine that the keeping of such resorts should be prohibited, the courts cannot go behind their finding and inquire into local conditions; or whether the defendant's hall was an orderly establishment, or had been conducted in such manner as to produce the evils sought to be prevented by the ordinance. As said in *Booth* v. *Illinois,* 184 U. S. 425, 429:

"A calling may not in itself be immoral, and yet the tendency of what is generally or ordinarily or often done in pursuing that calling may be towards that which is admittedly immoral or pernicious. If, looking at all the circumstances that attend, or which may ordinarily at-

tend, the pursuit of a particular calling, the State thinks
that certain admitted evils cannot be successfully reached
unless that calling be actually prohibited, the courts can-
not interfere, unless, looking through mere forms and at
the substance of the matter, they can say that the statute
enacted professedly to protect the public morals has no
real or substantial relation to that object, but is a clear,
unmistakable infringement of rights secured by the funda-
mental law."

Under this principle ordinances prohibiting the keeping
of billiard halls have many times been sustained by the
courts. *Tanner* v. *Albion*, 5 Hill. 121; *City of Tarkio* v.
*Cook*, 120 Missouri, 1; *City of Clearwater* v. *Bowman*, 72
Kansas, 92; *City of Corinth* v. *Crittenden*, 94 Mississippi,
41; *Cole* v. *Village of Culbertson*, 86 Nebraska, 160; *Ex
parte Jones*, 97 Pac. Rep. 570.

Indeed, such regulations furnish early instances of the
exercise of the police power by cities. For Lord Hale in
1672 (2 Keble, 846), upheld a municipal by-law against
keeping bowling alleys because of the known and de-
moralizing tendency of such places.

Under the laws of the State, South Pasadena was au-
thorized to pass this ordinance. After its adoption, the
keeping of billiard or pool tables for hire was unlawful,
and the plaintiff in error cannot be heard to complain of
the money loss resulting from having invested his property
in an occupation which was neither protected by the state
nor the Federal Constitution, and which he was bound
to know could lawfully be regulated out of existence.

There is no merit in the contention that he was denied
the equal protection of the law because, while he was pre-
vented from so doing, the owners of a certain class of
hotels were permitted to keep a room in which guests
might play at the game. If, as argued, there is no reason-
able basis for making a distinction between hotels with
25 rooms and those with 24 rooms or less, the plaintiff

in error is not in position to complain, because not being the owner of one of the smaller sort, he does not suffer from the alleged discrimination.

There is no contention that these provisions, permitting hotels to maintain a room in which their regular and registered guests might play, were evasively inserted, as a means of permitting the proprietors to keep tables for hire. Neither is it claimed that the ordinance is being unequally enforced. On the contrary, the city trustees are bound to revoke the permit granted to hotels in case it should be made to appear that the proprietor suffered his rooms to be used for playing billiards by other than regular guests. If he allowed the tables to be used for hire he would be guilty of a violation of the ordinance and, of course, be subject to prosecution and punishment in the same way, and to the same extent, as the defendant.

*Affirmed.*