UNITED STATES v. JAMES et al.

(District Court, E. D. Texas, Beaumont Division. December 17, 1918.)

1. INTOXICATING LIQUORS ⬤➡17—POLICE POWERS OF STATES—PROHIBITION OF MANUFACTURE.

    Section 1 of the state-wide prohibition law of Texas, prohibiting the manufacture of liquors within the state, except for medicinal, etc., purposes, is within the police powers of the state, and not in conflict with the federal Constitution.

2. INTOXICATING LIQUORS ⬤➡17—PROHIBITION OF MANUFACTURE—CONSTITUTIONALITY OF STATUTE.

    Const. Tex. art. 16, § 20, requiring the Legislature to enact a law permitting counties and their subdivisions to determine from time to time by majority vote whether the sale of liquors shall be prohibited within their limits, does not by implication limit the plenary power of the Legislature to deal with the manufacture of liquors within the state, and section 1 of the state-wide prohibition law of Texas, prohibiting such manufacture, is valid.

3. CONSTITUTIONAL LAW ⬤➡26—STATE CONSTITUTION—LIMITATION OF POWERS OF LEGISLATURE.

    Under the decisions of the Supreme Court of Texas, a constitutional limitation upon the powers of the Legislature must be found in the language of the Constitution, by either an expressed or implied prohibition, and cannot be declared by the courts, because of what they may deem its spirit.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Carl James, Boyd Smith, and Harvey Ainsworth. On demurrers to indictment. Overruled.

Clarence Merritt, of McKinney, Tex., and J. B. Dailey, of Beaumont, Tex., for the United States.

W. R. Blain, of Beaumont, Tex., for defendants.

HUTCHESON, District Judge. Demurrers to indictment charging defendants with violation of that part of the act of March 3, 1917, known as the Reed Amendment (39 Stat. 1069, c. 162, § 5 [Comp. St. 1918, § 8739a]), which is as follows:

"Whoever shall order, purchase, or cause intoxicating liquors to be transported in interstate commerce, except for scientific, sacramental, medicinal, and mechanical purposes, into any state or territory the laws of which state or territory prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes shall be punished as aforesaid: Provided, that nothing herein shall authorize the shipment of liquor into any state contrary to the laws of such state"

—in that the defendants did transport and cause to be transported intoxicating liquors in interstate commerce from the state of Louisiana into the state of Texas, which intoxicating liquors were not to be used for scientific, sacramental, medicinal, or mechanical purposes; the manufacture of intoxicating liquors for beverage purposes in the state of Texas being then and there by its laws prohibited.

The law of the state of Texas relied on by the government as prohibiting the manufacture of intoxicating liquors is section 1, chapter 24, of the Acts of the Thirty-Fifth Legislature, passed at the fourth called session thereof; that section being a part of what is popularly known as "state-wide prohibition statute"—section 1 thereof being as follows:

"Section 1. The manufacture of spirituous, vinous, or malt liquors or medicated bitters capable of producing intoxication—except for medicinal, scientific, mechanical, and sacramental purposes—is hereby prohibited within this state."

This section clearly and unequivocally declares the prohibition, and unless some section either of the Constitution of the United States or of the state of Texas gives point to the demurrers to strike it down, it is valid and effective to accomplish the purpose.

Discussion or consideration of the first branch of the inquiry, that of federal constitutional limitation, has been completely foreclosed by the decisions of the Supreme Court of the United States, both as to the power of Congress to pass legislation in aid of state prohibition and as to the unlimited power of the states themselves to deal with liquor as they please, even to the extent of prohibiting its personal possession and use. Whatever doubt may have existed as to the power of Congress to pass the Reed Amendment has been finally and fully set at rest by the decision of the Supreme Court in the case of Clark Distilling Co. v. Western Maryland Railway Co., 242 U. S. p. 325, 37 Sup. Ct. 180, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845, followed by Seaboard Air Line Railway v. North Carolina, 245 U. S. 303, 38 Sup. Ct. 96, 62 L. Ed. 299. Though these cases are specific affirma-

tions of the validity of the Webb-Kenyon Law (Act March 1, 1913, c. 90, 37 Stat. 699 [Comp. St. § 8739]), they as certainly establish the validity of the Reed Amendment, because they concern, not merely a specific legislative act, but the principle upon which it rests.

[1] If the matter were at all open to question, it might serve a useful purpose to collect and discuss some of the leading authorities on tho plenary power of the state to deal with the subject of intoxicating liquors; but the law has been so recently summarized with such brevity and comprehensiveness by the Supreme Court of the United States in the case of Crane v. Campbell, 245 U. S. 307, 38 Sup. Ct. 99, 62 L. Ed. 304, in which case a state prohibition against having possession of liquor for one's own use and benefit was sustained, that a quotation from that case will best serve to dispose of the federal branch of the question:

"It must now be regarded as settled that, on account of their well-known noxious qualities and the extraordinary evils shown by experience commonly to be consequent upon their use, a state has power absolutely to prohibit manufacture, gift, purchase, sale, or transportation of intoxicating liquors within its borders without violating the guaranties of the Fourteenth Amendment. Bartemeyer v. Iowa, 18 Wall. 129 [21 L. Ed. 929]; Beer Company v. Massachusetts, 97 U. S. 25, 33 [24 L. Ed. 989]; Mugler v. Kansas, 123 U. S. 623, 662 [8 Sup. Ct. 273, 31 L. Ed. 205]; Crowley v. Christensen; 137 U. S. 86, 91 [11 Sup. Ct. 13, 34 L. Ed. 620]; Purity Extract Co. v. Lynch, 226 U. S. 192, 200 [33 Sup. Ct. 44, 57 L. Ed. 184]; Clark Distilling Co. v. Western Maryland Ry. Co., 242 U. S. 311, 320, 321 [37 Sup. Ct. 180, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845]; Seaboard Air Line Ry. v. North Carolina, ante [245 U. S.] 298 [38 Sup. Ct. 96, 62 L. Ed. 299].

"As the state has the power above indicated to prohibit, it may adopt such measures as are reasonably appropriate or needful to render exercise of that power effective. Booth v. Illinois, 184 U. S. 425 [22 Sup. Ct. 425, 46 L. Ed. 623]; Silz v. Hesterberg, 211 U. S. 31 [29 Sup. Ct. 10, 53 L. Ed. 75]; Murphy v. California, 225 U. S. 623 [32 Sup. Ct. 697, 56 L. Ed. 1229]; and Rast v. Van Deman & Lewis Co., 240 U. S. 342, 364 [36 Sup. Ct. 370, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455]. And, considering the notorious difficulties always attendant upon efforts to suppress traffic in liquors, we are unable to say that the challenged inhibition of their possession was arbitrary and unreasonable or without proper relation to the legitimate legislative purpose.

"We further think it clearly follows from our numerous decisions upholding prohibition legislation that the right to hold intoxicating liquors for personal use is not one of those fundamental privileges of a citizen of the United States which no state may abridge. A contrary view would be incompatible with the undoubted power to prevent manufacture, gift, sale, purchase or transportation of such articles—the only feasible ways of getting them. An assured right of possession would necessarily imply some adequate method to obtain not subject to destruction at the will of the state."

It will be noted that by this decision not only is the general point of federal limitation disposed of against them, but the precise point raised by the defendants' demurrers of the inherent right to personal possession for one's own use.

[2] It thus appearing that the demurrers are not supported by any federal limitation, it is evident that the ruling question in the case springs out of the contention of the defendants that the Constitution of the state of Texas has imposed limitations on the Legislature which the act of the Thirty-Fifth Legislature contravenes, and that there is therefore no existent valid prohibition by the laws of Texas of

the manufacture of liquor in this state. If this contention is sound, the demurrers are good, and the defendants must be discharged. If not sound, the demurrers must be overruled.

It is the well-settled rule of the Texas courts in the construction of constitutional limitations that—

"Except in the particulars wherein it is restrained by the Constitution of the United States, the legislative department may exercise all legislative power which is not forbidden, expressly or by implication, by the provisions of the Constitution of the state of Texas." Lytle v. Halff, 75 Tex. 132, 12 S. W. 610; Brown v. City of Galveston, 97 Tex. 1, 75 S. W. 488.

In Lytle v. Halff, Judge Stayton says:

"An intention to restrict the power of a state Legislature, and especially in reference to such a matter, further than this is done by express limitations, is not to be presumed, and, when it is claimed that this is done by implication, those so claiming ought to be able to point out the provision or provisions of the Constitution which require such implication to give effect to the will of the people evidenced by the entire instrument."

The defendants, recognizing the necessity of pointing out the limitation upon which they rely, and the Constitution containing no express limitations on the legislative power in the matter of liquor legislation, point as their reliance to the implied limitation which they say springs from section 20 of article 16 of the Constitution, known as the "local option" provision of the Constitution, which in terms is as follows:

"Sec. 20. *Sale of Liquors.*—The Legislature shall, at its first session, enact a law whereby the qualified voters of any county, justice's precinct, town. city (or such subdivision of a county as may be designated by the commissioners' court of said county) may, by a majority vote, determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits." (Declared adopted September 22, 1891.)

They argue that, the Constitution having provided for local or self-determination on the part of counties, or subdivisions thereof, from time to time, as to whether the sale of intoxicating liquors shall be prohibited within their limits, the implication necessarily arises that the power of prohibition has been withdrawn from the Legislature. In addition to the reasons with which they support their argument, they point to the opinion of the Court of Criminal Appeals, the court of last resort in criminal matters in the state of Texas, in the case of Ex parte Myer, 207 S. W. 100, not yet officially reported, in which case the relator, charged with selling liquor in violation of section 2 of chapter 24 of the Acts of the 35th Legislature, was discharged; the court holding that that section of the act prohibiting the sale of the liquor was void, because in contravention of section 20 of article 16 of the Constitution of the state of Texas.

The government in its indictment in this case, recognizing the force, if not of the reasoning, at least, of the authority of that opinion, has not undertaken to indict under that section of the act which was declared void in that case, but has limited its allegations to the issue of the prohibition of manufacture, as provided in section 1, and contends here that, while it may be conceded that section 2 of the act is void,

the Legislature having definitely subdivided and classified the subjects of prohibition in separate and distinct sections, and having by the last section of the act declared that it must be considered separable, so that the validity of one section should not affect the rest. Neither the argument of defendants, nor the decision of the Court of Criminal Appeals, has any force against the present indictment. The Reed Amendment, under which the government prosecutes, is framed in the alternative, or disjunctive, and as clearly prohibits transportation into a state where manufacture is prohibited as where the prohibition is of the sale, and if the contention of the government is correct that the state of Texas has made a valid prohibition of manufacture, the demurrers must fail, even though it be conceded, as it must be in this court, in view of the ruling of the Court of Criminal Appeals, that there is no valid prohibition in the state of the sale of liquor. We thus reach the simple question:

"Does the delegation to the qualified voters of a county, or subdivision thereof, of the right to determine the question of prohibition of the sale of intoxicating liquors within its limits, confer upon it the right to also determine whether the manufacture of liquor shall be prohibited in its limits?"

Nowhere in section 20 does the word "manufacture" appear, and an affirmative answer to the question can only be given if it be held that the power to prohibit the sale necessarily involved the power to prohibit or authorize the manufacture. Apart from the principle of statutory construction, already adverted to, that every intendment must be indulged in favor of legislative power, common sense and common experience unite in declaring that, not only is the power to prohibit the manufacture not a necessary content of the power to prohibit the sale, but that the two subjects are independent of each other, and so wholly distinct and separate in their physical incidents and character as that not even the most strained construction could extend the word "sale" to include or embrace the word "manufacture."

[3] The argument of the defendants is the lame one that the spirit of the constitutional enactment was to confer upon political subdivisions general power over the handling and disposition of liquor, and that, if the power be conceded to the Legislature to prohibit the manufacture, that power will indirectly, by reducing the subjects of sale, infringe upon the power of political subdivisions over the matter of sale. In the first place, the argument that the spirit of the Constitution confers on counties or subdivisions thereof any other power than its words express is not impressive. This court does not recognize in counsel for defendants such spiritual kinship with the framers of the Constitution as to entitle them to announce with confidence what spirit was intended to be breathed into the body of that act; and in the second place, this attempt to find a constitutional limitation in the spirit as opposed to the language of the law received complete refutation in Brown v. City of Galveston, 97 Tex. 1, 75 S. W. 488, in which case Judge Brown met the same character of contention as follows:

"The doctrine is in conflict with the well-settled principle of constitutional construction that the power of the Legislature can be restrained only by a prohibition expressed or implied from some provision or provisions of the Con-

stitution itself. Lytle v. Halff & Bro., before cited; Harris County v. Stewart, 91 Tex. 143 [41. S. W. 650].

"The doctrine rests upon a basis which is opposed to the well-settled rule of construction that a law which is passed by the Legislature of a state cannot be set aside by the courts because it is in conflict with the principles of natural justice, nor because of its conflict with the spirit of the Constitution. Cooley, Const. Lim. 205. That author says: 'Nor are the courts at liberty to declare an act void because, in their opinion, it is opposed to a spirit supposed to pervade the Constitution, but not expressed in words.'"

These expressions of the Supreme Court of Texas in the construction of the state Constitution are not only in themselves sound, but are authoritative and binding on this court, and must control and determine the disposition of this case.

There being, then, no express words in the constitutional limitation invoked by the defendants conferring upon counties the power to determine the question of manufacture, and no words which in their reasonable content will embrace or include such power, the argument that the spirit of the Constitution is violated by the legislative act can have no weight or force, and it must be held that, the Constitution being silent on the subject, the Legislature has plenary power to prohibit the manufacture of liquor, and that, having so done, the provisions of the Reed Amendment are applicable.

The indictment, therefore, charges an offense, and the demurrers must be overruled, which is accordingly now done.