A petition for injunction against enforcement of a municipal ordinance penalizing ownership or operation of pin-ball machines, alleging that the ordinance was invalid under the constitution, did not present a cause of action, as it was based, not on interference, but on fear or apprehension of interference with lawful business of the plaintiffs.
 No. 13065. MARCH 13, 1940. REHEARING DENIED MARCH 26, 1940.
On June 19, 1939, a municipal ordinance was adopted which declared: "Whereas the operation of pin-ball machines and similar machines encourages gaming and the general disorder incident thereto, and is a threat and menace to the peace and morals of the community; and whereas the operation of said machines has become and does now constitute a nuisance and encourages idling and loitering: Be it ordained by the mayor and general council of the City of Atlanta as follows: Section 1. That from and after July 1st, 1939, it shall be unlawful for any person, firm, or corporation to own, maintain, or operate any pin-ball machine or similar *Page 863 
machine, including all machines operated by depositing coin therein for the playing of a game or the engaging in of any contest of chance or skill. Section 2. The provisions of this ordinance shall not apply to machines owned and operated exclusively for the sale of merchandise, where neither the element of chance nor skill is involved. Section 3. That any person convicted of a violation of this ordinance shall be subject to a fine not to exceed two hundred ($200.00) dollars and a sentence to the public works of said city for a period not to exceed thirty (30) days, any part of either one or both in the discretion of the recorder." On June 29, two days before the ordinance was to become effective, J. Friedman and several other persons each owning separately "pin-ball machines" and engaged in their operation by installation under contracts in stores of retail merchants, joined in one action against the City of Atlanta and its officials, to declare the ordinance void and to enjoin its enforcement. The grounds of attack were that the ordinance was unreasonable, ultra vires, and violative of the State and Federal constitutions. It was alleged, that petitioners were operating under municipal licenses that would expire on July 1, 1939, but that the municipality would not renew such licenses operative after such date, and in fact had refused several applications for renewal of licenses; that petitioners had paid the State tax imposed by the general tax act of 1935 (Ga. L. 1935, pp. 11, 42, par. 71 (d) declaring: "Upon each table, stand, or machine used for playing games, not otherwise classified in this act, a tax of $5.00 for each table, stand or machine, where set up, used or operated;" that petitioners have paid such State taxes for the years 1937, 1938, and 1939; that unless enforcement of the ordinance is enjoined, it will operate to destroy the business of the several petitioners, in that "the merchants, four hundred and more in number, will refuse to permit any of such machines to remain in their places of business and will refuse to carry out their lease contracts with petitioners, for fear that they will be prosecuted for violating a penal statute of the City of Atlanta, and will necessarily be forced to destroy the property of petitioners and discard the same or tender the same back to petitioners;" that petitioners "own and operate approximately five hundred of such machines of the market value of an average of thirty dollars each, and that all of said machines have a market value of approximately $45,000; that if the enforcement *Page 864 
of said ordinance is not enjoined and said ordinance is not declared null and void, that said property of petitioners will be declared and in effect confiscated;" that petitioners were without adequate remedy at law; and that a multiplicity of actions would be avoided. The grounds of attack on the constitutionality of the ordinance are that it violates the specified provisions of the State and Federal constitutions which inhibit the passage of any law "impairing the obligation of contracts," or any law which deprives a person of property "without due process of law," or denies to one the "equal protection of the laws;" and that provision of the State constitution which declares "Protection of person and property is the paramount duty of government, and shall be impartial and complete." It was alleged, in connection with the quoted clauses of the State and Federal constitutions, that the defendants do now permit the operation of pool-rooms and billiard-halls within the corporate limits of the City of Atlanta, and do license them under certain regulations; that billiard-halls and pool-rooms are not prohibited, but are licensed under regulations; and that it is discriminatory to permit the operation of pool-tables and billiard tables and pool-rooms and billiard-rooms, and prohibit the operation of pin-ball machines such as are described in the petition. Also, "that said ordinance is unreasonable and discriminatory, because the effect . . is to completely destroy and confiscate the business and property of petitioners, which is that of distributing and leasing novelty machines used for pleasure and skill only, whereas other articles of pleasure and skill, such as baseball, marbles, playing cards, dice, checkers, golf-balls and golf-sticks, and articles of like nature are not included in said ordinance."
The defendants interposed a demurrer on the grounds (a) that the petition failed to allege a cause of action; (b) it was prematurely brought, and based on mere apprehension of injury, no arrest having been made or property seized; (c) that equity will not aid in the administration of penal laws; (d) that petitioners have an adequate remedy at law, by defense in the recorder's court in the event of arrest. The demurrer was sustained, and the action dismissed. The plaintiffs excepted.
A municipal ordinance prohibited operation of "any pin-ball machine," and prescribed a penalty for violation of its terms. Before the date prescribed for the ordinance *Page 865 
to become effective, certain owners and lessors of "pin-ball machines" instituted an action to enjoin enforcement of the ordinance, on the ground that it was ultra vires, unreasonable, and unconstitutional. The ground of complaint was that the fear of arrest would cause the lessees to terminate their contracts and cause the machines to be removed from their places of business, thereby causing irreparable damage to plaintiffs' business and destroying the value of the machines. The attacks on the constitutionality of the ordinance were that it was discriminatory, denied plaintiffs equal protection, and deprived them of property without due process of law as guaranteed by the State and Federal constitutions. In the circumstances the plaintiff's petition for equitable relief was based, not on interference with a property right, but on mere fear or apprehension of such interference, and for this reason, whether or not there be other reasons, did not state a cause of action.Asa G. Candler Inc. v. Atlanta, 178 Ga. 661
(174 S.E. 129); Howard v. Briarcliff Zoological Corporation, 178 Ga. 595
(173 S.E. 391); Zaring v. Adams, 188 Ga. 97
(3 S.E.2d 635); Loftis Plumbing Heating Co. v. Quarles,188 Ga. 404, 409 (3 S.E.2d 725). No decision is made or intended as to constitutionality of the ordinance.
Judgment affirmed. All the Justices concur, except Duckworth,J., who dissents.