### 28567. THOMPSON *v.* CITY OF CLARKSTON.

DECIDED OCTOBER 11, 1940. REHEARING DENIED NOVEMBER 19, 1940.

*Fraser, Irwin & Latimer,* for plaintiff in error.
*W. Harvey Armistead, John A. Dunaway,* contra.

BROYLES, C. J. The defendant was convicted, in the recorder's court of the City of Clarkston, of the violation of an ordinance of the city. His certiorari was overruled by the judge of the superior court, and he excepted. The ordinance reads as follows: "An ordinance to prohibit the operation of pin-ball machines and similar machines in the city of Clarkston. Whereas the operation of pin-ball machines and similar machines encourages gaming and the general disorder incident thereto, and is a threat and menace to the peace and morals of the community; and whereas the operation of said machines has become and does now constitute a nuisance and encourages idling and loitering, be it ordained by the Mayor and General Council of the City of Clarkston as follows: Section 1. That from and after May 10th, 1940, it shall be unlawful for any person, firm, or corporation to own, maintain, or operate any pin-ball machine or similar machine, including all machines operated by depositing a coin therein for the playing of a game or the engaging in of any contest of chance or skill. Section 2. The provisions of this ordinance shall not apply to machines owned and operated exclusively for the sale of merchandise,

where neither the element of chance nor skill is involved. Section 3. That any person convicted of a violation of this ordinance shall be subject to a fine not to exceed one hundred dollars, and a sentence on the public works of said city for a period not to exceed thirty days, any part of either one or both in the discretion of the recorder. Section 4. All ordinances and parts of ordinances in conflict with this ordinance are hereby repealed." It is stated in the brief of counsel for the plaintiff in error .that the only question involved is whether the ordinance is valid. However, no authorities are cited in the brief to sustain the contention of counsel that the ordinance is invalid. In our opinion, the enactment of the ordinance was a proper exercise by the City of Clarkston of its authority under its police power, since the object of the ordinance was evidently to strike at the evil of gaming in its inception by a measure that was primarily preventive in character. See *Shaver* v. *Martin,* 166 *Ga.* 424 (143 S. E. 402) ; *Odell* v. *Atlanta,* 97 *Ga.* 670 (25 S. E. 173) ; *Manor* v. *Bainbridge,* 136 *Ga.* 777 (71 S. E. 1101) ; *Killebrew* v. *Wrightsville,* 17 *Ga. App.* 809 (2) (88 S. E. 590). The overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*