WOODWARD *v.* CITY OF LITHONIA *et al.*

ATKINSON, Presiding Justice. 1. The general welfare clause of the charter of the City of Lithonia declared: "That the mayor and council of said City of Lithonia shall have the power and authority to pass all ordinances that they may consider necessary for the peace and good order, health, prosperity, comfort, and security of said city and the inhabitants thereof, and that they may deem necessary to foster and promote virtue and good morals of city; to suppress lewdness, gaming, and disorderly conduct, and to enforce such laws and ordinances by such penalties as are authorized in this charter." Ga. L. 1913, pp. 928, 955. The ordinance adopted on May 6, 1940, provided that "it shall be unlawful for any person, firm, or corporation to own, maintain, or operate any pin-ball machine or similar machine, including all machines operated by depositing a coin therein for the playing of a game or the engaging in of any contest of chance or skill." *Held,* that the adoption of the ordinance was within the charter power of the municipality.

2. The ordinance, having been authorized under the general welfare clause of the charter of the municipality enacted in pursuance of the police power of the State, is not violative of the due-process of law clauses of the Federal and State constitutions, for any reason assigned. *Shaver* v. *Martin,* 166 *Ga.* 424 (2) (143 S. E. 402); Murphy *v.* California, 225 U. S. 623 (32 Sup. Ct. 697, 56 L. ed. 1229, 41 L. R. A. (N. S.) 153). See *Delaney* v. *Plunkett,* 146 *Ga.* 547 (91 S. E. 561, L. R. A. 1917D, 926, Ann. Cas. 1917E, 685).

(a) Nor is the ordinance violative of the equal-protection clauses of the Federal and State constitutions, on the grounds "that said ordinance is discriminatory and is not impartial, in that other novelty games and games of skill are not included in said ordinance."

(b) Nor is the ordinance violative of the provisions of the Federal and State constitutions inhibiting the passage of laws impairing the obligation of contracts, in that it "impairs the contractual powers of petitioner, and imposes a limitation upon his power to make contracts."

3. The ordinance, being in the exercise of the police power and directed

against gambling, immorality, and other injurious practices as declared by its provisions, is not void on the ground of unreasonableness, "because the effect of said ordinance is to completely destroy and confiscate the business and property of your petitioner, which is that of distributing and leasing novelty machines used for pleasure and skill only, whereas other articles of pleasure and skill such as baseball, marbles, playing-cards, dice, checkers, golf balls and golf sticks, and articles of like nature, are not included in said ordinance, whereas all of the articles herein enumerated are used for the pleasure and skill of the citizens of the City of Lithonia."

(a) The petition does not complain of the ordinance upon the ground that it denies petitioner the right of mere ownership in the property itself, but the attack is limited to the complaint that it destroys plaintiff's right to lease such machines to others who would maintain and operate them in the city, and for that reason amounts to a confiscation of his property.

4. The judge did not err, on demurrer to the petition, in dismissing the action.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*

No. 13415. OCTOBER 19, 1940. REHEARING DENIED NOVEMBER 20, 1940.

237

*Fraser, Irwin & Latimer,* for plaintiff.
*H. O. Hubert Jr.,* for defendant.
*J. C. Savage, J. C. Murphy, E. L. Sterne,* and *F. A. Hooper Jr.,* for persons at interest.