## PHILLIPS v. CITY OF ATLANTA et al.
### No. 2681.

District Court, N. D. Georgia,
Atlanta Division.

Jan. 11, 1944.

Eugene Talmadge and Young H. Fraser, both of Atlanta, Ga., for plaintiff.

J. C. Savage, Edwin L. Sterne, B. D. Murphy, and Bond Almand, all of Atlanta, Ga., for defendants.

UNDERWOOD, District Judge.

The above case came on for hearing upon defendants' motion to dismiss.

The petition seeks to enjoin the enforcement of an ordinance of the City of Atlanta making it unlawful to operate "pin ball machines" within the City and alleges that plaintiff, a nonresident of the State of Georgia, is the owner of certain slot machines, known as "pin ball machines," one of which was formerly located on the business premises of one Jimmie Vickers in the City of Atlanta; that pursuant to said ordinance Vickers was prosecuted, and, because thereof, refused to longer operate the machine and removed it from his place of business and stored it for plaintiff; that plaintiff had placed said machine in the storehouse of said Vickers under an agreement that the latter, as plaintiff's agent, would operate said machine and receive for his services one-half of the money deposited therein; that the ordinance is unconstitutional because it denies plaintiff the equal protection of the law and deprives him of his property without due process of law and causes irreparable injury and damage to plaintiff.

Defendants moved to dismiss on the ground that no cause of action is set forth; that the ordinance in question is a valid one and was properly enforced against Vickers; that plaintiff seeks to enjoin criminal prosecutions; and that the petition does not disclose any binding contract with Vickers or that any irreparable damage will be suffered by plaintiff.

The precise questions raised in this case have been decided by both the Supreme Court and the Court of Appeals of Georgia and both courts have upheld ordinances in the same or substantially the same language as used in the ordinance involved in this case. Friedman v. City of Atlanta, 189 Ga. 862, 7 S.E.2d 911; Woodward v. City of Lithonia, 191 Ga. 234, 11 S.E. 2d 476; Thompson v. City of Clarkston, 63 Ga.App. 772, 11 S.E.2d 508.

The highest courts of the State of Georgia having sustained the constitutionality and validity of such ordinances under the State Constitution and the general welfare clauses of the charters of Atlanta and other cities, the motion to dismiss must be sustained unless some infringement of the Federal Constitution is shown.

In the case of Murphy v. California, 225 U.S. 623, 32 S.Ct. 697, 56 L.Ed. 1229, 41 L.R.A.,N.S., 153, the Supreme Court held that the Fourteenth Amendment does not prevent a state from regulating or prohibiting a nonuseful occupation which may become harmful to the public and that the regulation or prohibition need not be postponed until the evil is flagrant, and further, that one can not be heard to complain of his money loss by reason of the legislating out of existence of a business which may be subject to regulation under the police power of the State. In this case the Supreme Court quotes the following from Booth v. Illinois, 184 U.S. 425, 429, 22 S.Ct. 425, 46 L.Ed. 623: "A calling may not in itself be immoral, and yet the tendency of what is generally or ordinarily or often done in pursuing that calling may be towards that which is admittedly immoral or pernicious. If, looking at all the circumstances that attend, or which may ordinarily attend, the pursuit of a particular calling, the state thinks that certain admitted evils cannot be successfully reached unless that calling be actually prohibited, the courts cannot interfere, unless, looking through mere forms and at the substance of the matter, they can say that the statute enacted professedly to protect the public morals has no real or substantial relation to that object, but is a clear, unmistakable infringement of rights secured by the fundamental law." [225 U.S. 623, 32 S.Ct. 699, 56 L.Ed. 1229.]

I find that the ordinance is valid and constitutional; that there is no equity in the bill; that petitioner has an adequate remedy at law; and that the motion to dismiss should be, and hereby is, sustained on all grounds thereof.

Whereupon, it is considered, ordered and adjudged that said petition be, and hereby is, dismissed at plaintiff's costs.