In the instant suit by an owner of pin-ball machines against the Mayor and Council of the City of LaFayette, praying for a judgment declaring that an ordinance of the city, prohibiting the operation of pin-ball machines and similar machines as described therein, is invalid, and that plaintiff's machines do not come within its provisions, also for injunctive and general relief, held:
1. Under the charter of the City of LaFayette (Ga. L. 1914, pp. 936, 958, § 51), the mayor and council had authority to pass the ordinance in question.
2. The allegations of the petition as amended, construed on demurrer most strongly against the plaintiff, show that the machines owned by the plaintiff come within the provisions of such ordinance.
3. Under the preceding rulings, which deal with the only contentions urged by the plaintiff in error, the court did not err in sustaining the general demurrer to the petition as amended. See, in this connection. Friedman v. Atlanta, 189 Ga. 862 (7 S.E.2d 911); Woodward v. Lithonia, 191 Ga. 234 (11 S.E.2d 476); Thompson v. Clarkston, 63 Ga. App. 772 (11 S.E.2d 508); Phillips v. Atlanta, 57 F. Supp. 588 (affirmed, 145 F.2d 470); Murphy v.
California, 225 U.S. 623 (32 Sup. Ct. 697, 56 L. ed. 1229, 41 L.R.A. (N.S.) 153). *Page 667 
Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.
 No. 15925. SEPTEMBER 6, 1947.
On May 10, 1947, P. W. Baker filed a suit in the Superior Court of Walker County against the City of LaFayette, alleging substantially the following: In 1947 (evidently intended for 1942) said city adopted a certain ordinance, copy of which is attached as Exhibit A to the petition (and which shows adoption in 1942).
(2) Petitioner is the owner of pin-ball machines such as those referred to in said ordinance, of the value of $4000 or more, which he desires to place in operation in said City of LaFayette.
(3) Petitioner has made application to said city for the placing of said pin-ball machines in various business establishments in said city, and has been refused a license by said city for the operation of said machines, by virtue of such ordinance.
(4) Said ordinance is unconstitutional and in violation of the provisions of article I, section I, paragraph III of the Constitution of the State of Georgia, and of the Fourteenth Amendment to the Constitution of the United States, in that it deprives petitioner of his property rights in said pin-ball machines, which are legal and legitimate machines and are not gambling or gaming devices, and said ordinance is therefore unconstitutional, null and void.
(5) Said ordinance is beyond the charter powers of the City of LaFayette.
(6) Said machines are innocent machines for pleasure and are not gaming devices but are devices of skill and public pleasure and are not subject to prohibitory regulations, either directly or indirectly, by taxation or otherwise, by said city.
(7) A bona fide controversy exists between your petitioner and said City of LaFayette with respect to the validity of said ordinance.
(8) Said City of LaFayette has threatened and notified petitioner that if he attempts to operate said machines, they will be confiscated and he will be prosecuted by said city.
Petitioner prayed (1) for process; (2) that the court by declaratory judgment declare the validity of said ordinance, and declare and adjudge the same to be illegal and invalid as between petitioner and said City of LaFayette; (3) that pending the determination *Page 668 
of said question by declaratory judgment, said city be temporarily and permanently enjoined and restrained from confiscating any of the machines of petitioner, or prosecuting petitioner in any way, or from arresting petitioner or proceeding against him in any manner other than in this court on account of the operation of said ordinance; (4) for general relief.
The ordinance attacked, as shown by alleged copy attached to the petition, omitting caption, is as follows:
"Whereas, the operation of pin-ball machines and similar machines involving chance or skill or reward encourages gaming and the general disorder incident thereto, and is a threat or menace to the peace and morals of the community; and,
"Whereas, the operation of such machines has become and does now constitute a nuisance and encourages idling and loitering:
"Now, be it ordained by the Mayor and Council of the City of LaFayette, as follows:
"Section One: That from and after the 10th day of January, 1942, it shall be unlawful for any person, firm or corporation, to own, maintain, or operate any pin-ball machine, or similar machine, including all machines operated by depositing a coin therein for the playing of a game or engaging in any contest of chance or skill, including vending machines where the amount of merchandise to which the customer or person playing the machine is entitled, is uncertain, or may in some instances be a larger amount than in other instances.
"Section Two: The provisions of this ordinance shall not apply to machines owned and operated exclusively for the sale of merchandise, where neither the element of chance or skill are involved. But if such machines are so constituted or arranged so as to pay the customer or person operating the same, in some instances, more merchandise than in other instances, such last described machines are subject to the provisions of this ordinance, and the prohibitive provisions of the ordinance apply to such machines.
"Section Three: That any person convicted of a violation of this ordinance, or who shall plead guilty to a violation of this ordinance, shall be subject to a fine not to exceed $50 and cost, and a sentence on the public works of said City for a period not to exceed thirty days, any part of either one or both, in the discretion of the Recorder. *Page 669 
"Section Four: All ordinances and parts of ordinances in conflict with this ordinance are hereby repealed.
"This 9th day of January, 1942."
On May 16, 1947, the defendant filed a general and special demurrer to the petition.
On June 6, 1947, there was allowed and filed the following amendment to the petition: "Petitioner amends paragraph three by striking out of said paragraph the words `such as those referred to in said ordinance.' Plaintiff further amends by adding another paragraph nine by alleging that said machines are his property, and that he intends to operate them himself, and by adding paragraph ten by alleging that said operation of said machines is not made for the exchange of merchandise, coins or other devices and is solely for pleasure, and that, therefore, plaintiff contends that the operations thereof do not come within the terms of the ordinance set out as `Exhibit A.' Plaintiff further amends by adding a further prayer to the petition as five, that it be adjudged and decreed by declaratory judgment that said machines as herein set forth and as operated do not come within the provisions of the ordinance of the City of LaFayette set out as `Exhibit A.'"
On the same day, June 6, 1947, the judge passed the following order: "Upon argument of counsel the within demurrer to the petition [as] amended is hereby sustained." To this order the plaintiff, Baker, excepted.
In the brief of counsel for the plaintiff in error, it is stated in effect that the only questions for decision by this court are as follows: (1) Does the ordinance sought to be enjoined apply to the character of pin-ball machines sought to be operated by plaintiff in error? (2) Does the City of LaFayette have authority to pass such ordinance, under its charter? Nor was there any argument or insistence for the plaintiff in error with respect to other contentions made in the petition as amended.
Section 20 of the charter of the City of LaFayette conferred authority upon the mayor and council to license, regulate and control (among other businesses and occupations enumerated) "every keeper of a shooting gallery, nine pin, or ten pin alley, upon the keeper of any other table, stand or place for the performance of any game or play whether played with stick or ball, ring or other contrivances, . . and upon all establishments, *Page 670 
business calling or avocations not hereinbefore mentioned and which under the laws and Constitution of the State of Georgia are subject to license." Ga. L. 1914, pp. 936, 945-6.
It is urged in the brief that the foregoing provision expressly authorized regulation, "which is a totally different thing from prohibition." Section 51 of the charter provides:
"Be it further enacted, That the mayor and city council shall have power and authority to pass all such ordinances and regulations for the government of said city, for the suppression of disorderly conduct, the maintenance of public peace, the protection of public health and all other matters which are not in conflict with the Constitution and laws of this State or of the United States, as they may see proper to do and to prescribe and enforce penalties for violation of the same." Ga. L. 1914, pp. 936, 958.