### WALLACE v. CITY OF CARTERSVILLE et al.

JENKINS, Chief Justice. The authority of various municipalities under more or less similar charter provisions, to pass local ordinances which prohibit the operation and maintenance of "pin ball" machines within the corporate limits of such municipalities, has repeatedly been upheld by this court; the most recent case being that of *Baker* v. *City of La-Fayette,* 202 *Ga.* 666 (44 S. E. 2d, 255), where both the charter provision and the ordinance passed thereunder were in all material respects the same as those under consideration in the instant case. Furthermore, not only the appellate courts of this State, but the Federal courts as well, have upheld the constitutionality of such ordinances insofar as they pertain to alleged violation of property rights. *Woodward* v. *Lithonia,* 191 *Ga.* 234 (11 S. E. 2d, 476); Phillips *v.* Atlanta, 57 Fed. Supp. 588 (affirmed, 145 Fed. 2d, 470); *Thompson* v. *Clarkston,* 63 *Ga. App.* 772 (11 S. E. 2d, 508). See also *Friedman* v. *Atlanta,* 189 *Ga.* 862 (7 S. E. 2d, 911); Murphy *v.* California, 225 U. S. 623 (32 Sup. Ct. 697, 56 L. ed. 1229, 41 L. R. A. (N. S.) 153); *Shaver* v. *Martin,* 166 *Ga.* 424 (143 S. E. 402). Allegations in the instant petition to the effect that certain city officials in an individual capacity had in conversations led the petitioner to believe that "pin ball" machines would be licensed by the City of Cartersville, would not operate to nullify regularly enacted and valid ordinances, passed subsequently to those conversations, which prohibited the operation of such machines within the city limits. It follows that the trial court did not err in sustaining the general demurrers, and in dismissing the petition of the plaintiff in error, who attacked said ordinance on the ground that the City of Cartersville was without authority under its charter to pass such an ordinance, and sought to have said ordinance declared invalid by reason of the alleged violation of specified constitutional guarantees, all of which relate directly or indirectly to alleged property rights in the petitioner.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15932. OCTOBER 15, 1947. REHEARING DENIED NOVEMBER 14, 1947.

*J. L. Davis,* for plaintiff.
*Finley & Henson* and *C. C. Pittman,* for defendants.