60705. TOTAL VENDING SERVICES, INC. v. GWINNETT COUNTY et al.

CARLEY, Judge.

Appellant petitioned for a declaratory judgment that Ga. L. 1962, p. 2364, was rendered "illegal and unenforceable" by virtue of the subsequent enactment of Ga. L. 1978, pp. 1779, 1780 (Code § 26-2713 (b)). The 1962 law, passed as local legislation and approved by county referendum, made it a misdemeanor offense "for any person, firm or corporation to own, possess, use, maintain or operate any pinball machine or similar machine, including all machines operated by depositing a coin therein for the playing of a game or the engaging in of any contest of chance or skill in Gwinnett County, Georgia." The 1978 enactment excepted from the Georgia criminal gambling laws "a coin-operated game or device designed and manufactured for bona fide amusement purposes only which may by application of skill entitle the player to replay the game or device at an additional cost if the game or device can react to no more than 15 free replays or can be discharged of accumulated free replays only by reactivating the game or device for one additional play for each accumulated free replay . . ."

Appellant, engaged in the sale and lease of coin-operated amusement devices such as pinball machines, had contracted to supply such devices for a bowling facility to be constructed in Gwinnett County. Appellant, however, was informed by Gwinnett

County officials that they would proceed under the 1962 law if the machines were installed and enforce the statutory ban on the machines. Appellant, contending that the 1978 enactment "decriminalizing" its machines was a general statute having uniform state-wide operation and provided that "[a]ll laws and parts of laws in conflict with this Act are hereby repealed," sought a declaration that the 1962 local statute had been supplanted and was no longer enforceable. In *Total Vending Services, Inc. v. Gwinnett County,* 153 Ga. App. 109 (264 SE2d 574) (1980) we held that appellant's petition stated a claim for declaratory relief and that it was entitled to a hearing on the merits of its contentions. The instant appeal is taken from the order of the trial court holding the 1962 enactment valid and enforceable and neither repealed nor supplanted by the 1978 statute.

"Unless particularly named, or necessarily from its terms therein embraced, a local or particular law is not repealed by a subsequent general law." *Mayor of Montezuma v. Minor,* 70 Ga. 191 (1a) (1883). The 1978 enactment did not expressly repeal the 1962 local act. Therefore, the only question is whether the subsequent general law repealed the earlier local act by implication. *Pausch v. Guerrard,* 67 Ga. 319 (1881). "[A]s a rule, general laws will not impliedly repeal those which are special or local; in other words, . . . a general statute, without express repealing words, will not repeal by implication the provisions of a former special, local, or particular law which is limited in its application, unless there is something in the general law upon the subject-matter that makes it manifest that the legislature contemplated and intended a repeal; or, to express it otherwise, . . . a general act will not be held to repeal or modify a special one embraced within the general terms of the general act, unless the two acts are so repugnant or irreconcilable as to indicate a legislative intent to modify or repeal the other." *Hammond v. State,* 10 Ga. App. 143, 145-146 (72 SE 937) (1911).

Applying the above stated rules to the instant case we find meritless appellant's argument that the 1978 statute repealed the 1962 enactment by implication. It is true that both statutes deal with the same subject matter, pinball and similar machines. However, it is clear that the 1978 enactment deals with pinball machines in the isolated context of the criminal gambling laws of this state. Under our general criminal gambling statute pinball machines are not inherently illegal. Only if they are "gambling devices" are they proscribed under the criminal gambling law. *Childs v. State,* 70 Ga. App. 99 (27 SE2d 470) (1943). Ga. L. 1978, pp. 1779, 1780 merely excepts, for purposes of the criminal gambling statute, certain pinball and similar machines from the proscribed classification — "gambling devices."

The 1962 enactment, however, is not an attempt to control and regulate pinball machines as "gambling devices." It declares such machines to be inherently illegal in Gwinnett County whether or not they would or would not be "gambling devices" under the general criminal gambling law. See *Woodward v. City of Lithonia,* 191 Ga. 234 (11 SE2d 476) (1940); *Baker v. City of LaFayette,* 202 Ga. 666 (44 SE2d 255) (1947); *Wallace v. City of Cartersville,* 203 Ga. 63 (45 SE 2d 63) (1947); *Thompson v. City of Clarkson,* 63 Ga. App. 772 (11 SE 2d 508) (1940). Thus, whether or not appellant's machines are proscribed "gambling devices" within the meaning of the general criminal gambling statute, they are proscribed "pinball machines" within the meaning of the local act. In short, under the general criminal gambling law certain pinball machines are proscribed because they are "gambling devices" while under the local act all pinball machines, even though not "gambling devices" are proscribed. Under the two laws, prior to enactment of Ga. L. 1978, pp. 1779, 1780, certain pinball machines were outside the ambit of the general criminal gambling laws and yet within the ambit of a general ban on such machines. See *Woodward,* supra; *Baker,* supra; *Wallace,* supra; *Thompson,* supra. This being so we fail to see how the mere subsequent relaxation of the proscription on certain pinball machines as "gambling devices" effectuated by the 1978 enactment repeals by implication a local act which proscribes *all* such machines without reference to their distinction as non-gambling devices. Prior to 1962, the general criminal gambling law of this state proscribed "gambling devices," defined so as to include certain pinball machines and to exclude others. After 1962, the general criminal gambling law of this state continued to proscribe "gambling devices," distinguishing between certain pinball machines and excluding others, but Ga. L. 1962, p. 2364, proscribed all pinball machines in Gwinnett County. After 1978, the criminal gambling law of this state continues to proscribe "gambling devices" and continues, though under a less stringent definition, to make a distinction between pinball machines which are "gambling devices" and those which are not. We cannot infer that the General Assembly intended to lift the general ban on all pinball machines without distinction or qualification which would otherwise attach in Gwinnettt County under the 1962 local act merely because it has relaxed somewhat the definition of what pinball machines qualify as "gambling devices" under the general criminal gambling statute. Under the general criminal gambling law, certain pinball machines are proscribed because they are "gambling devices." In Gwinnett County, under Ga. L. 1962, p. 2364, all pinball machines are proscribed simply because they are pinball machines. The 1978 general law relates solely to a distinction between pinball machines

which has no relevance to the 1962 local act. The 1978 statute "decriminalizes" certain pinball machines because they are no longer to be considered as "gambling devices." It does not decriminalize pinball machines under the general ban of the 1962 local act.

It appears that if appellant is entitled to any declaratory relief it must be on the basis that the 1962 statute is, for whatever reason, unconstitutional and appellant does raise several constitutional attacks on the enactment. However, the record demonstrates that the trial court was without jurisdiction to rule on the alleged constitutional infirmities of Ga. L. 1962, p. 2364, and properly declined to do so. *Board of Ed. v. Shirley*, 226 Ga. 770 (177 SE2d 711) (1970). And, of course, had the constitutionality of the local act been properly raised and ruled upon this court would have no jurisdiction to entertain the appeal. Therefore, all we hold is that the 1962 statute is not unenforceable by reason of its repeal by implication by Ga. L. 1978, pp. 1779, 1780.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 7, 1981.

*Hill Jordan, Les A. Schneider,* for appellant.
*James Henderson,* for appellees.